Ruffin, C. J.
 

 The opinion of the Court is, that the decree must be reversed, and the petition dismissed. The object and prayer of the petitioner is singly for a divorce a
 
 vin-culo,
 
 and, consequent thereon, for alimony ; and even the latter is now given up. We are not therefore to consider, what effect adultery during a state of separation — whether arranged peaceably, merely for want of agreement of taste between the parties, or for their mutual happiness, or brought about by the fault of one or both of them — is to have upon an application for a divorce
 
 a mensa et thoro.
 
 There is an essential difference between the two kinds of divorce, and there ought to be also in the cases that justify them. For example, even if a husband maliciously desert his wife, or compel her to leave his house, she is not thereby licensed to debase herself, to the
 
 *680
 
 disgrace of her issue by the marriage, and to the imposing on ^he husband a spurious issue, who may legally succeed to inheritances as presumptively legitimate. It may be very proper, therefore, to relieve a husband in such a case from the obligation to maintain the profligate wife and her spurious issue, and from the danger of
 
 pseudo
 
 heirs, by a divorce from bed and board. An exemplary wife may in like manner be protected, by a similar divorce, from the coercion of a husband, whose vicious life during separation proves him unworthy of her conjugal society. But the question is very different, when an absolute divorce, in dissolution of the marriage, and destroying all prospect of reformation and reconciliation, is asked for. We have heretofore said, that, upon the language of our legislative enactments, and having a due regard to the interests of families and the public morals, a divorce
 
 a vinculo
 
 cannot be obtained by a husband for adultery of the wife supervening a separation, occasioned by his fault.
 
 Whittington
 
 v. Whittington, 2 Dev. and Bat. 64.
 
 Moss
 
 v.
 
 Moss,
 
 2 Ired. 55. Independent of the words “ where either party has separated him or herself from the other, and is living in adultery,” as denoting a separation, involuntary, and unavoidable, at least on the part of the
 
 promoter,
 
 as necessary to ground a divorce on, there is another consideration entitled to much weight. Divorces
 
 a vinculo
 
 are chiefly sought, in contradistinction to those
 
 a mensa,
 
 with a view to a second marriage by the party complaining. Now, the act, Rev. St. ch. 39, s. 9, gives that liberty only to “ the innocent personand the innocence spoken of is, we think, not merely in not living in
 
 eodem delicto
 
 with the adulterous defendant, but in being free from the fault of failing in the essential duty of marriage; that of cohabitation, conversation, and comfort in health and sickness. Therefore, when the ground of the divorce sought is altogether posterior to separation, it is indispensable that the promoter of the cause should show, that he or,she did not separate from the other party, or, if such was the fact, that it was an unavoidable separation, made necessary by the injurious conduct of the other party.
 

 These principles, declared in previous cases, are decisive
 
 *681
 
 against this application. Here the wife, as she admits in her petition, separated herself from her husband: in point of fact, she deserted his bed and board, abjured her conjugal engagements, and returned to her paternal roof. It is true the jury have found, that the respondent separated himself from his wife. But that is a finding for the petitioner contrary to an estoppel in the record — her admission in the petition, that, in point of fact, she separated from him, and not he from her, and therefore such finding has no force, and the party’s admission of facts, adverse to the divorce, is binding on her.
 
 Moss
 
 v.
 
 Moss.
 
 She states, indeed, that she was compelled to the separation by 1ns cruel conduct, in the various acts of cruelty specifically charged, and that she was forced from a regard to the safety of her life, to fly for shelter to her father's house. But it is an avoidance of the effect of her acknowledged separation, which is . wholly unsupported; and therefore cannot be taken into the case at all. If the petitioner had established the alleged enormities on the part of the husband, we should not hesitate to hold the separation to have been his act and not hers: he would not let her stay, but made her go away. But that is a most material part of the allegations, and therefore no decree can be pronounced for the petitioner, unless upon a verdict of a jury finding the facts, according to the fifth section of the act. There is no such finding. On the contrary, the petitioner expressly declined having an issue upon any single act of the long catalogue of cruelties. We must therefore consider, not only that the charges were not established, but that they were felsely and wantonly made. It is a gross outrage upon the court, to prefer a libel containing such serious charges, as the means of obtaining leave to file it and proceed to prove it, and then abandon the whole series of charges, without attempting to prove one of them, as if such grave accusations were but empty words of course. Such scandalous aspersions ought not to be lightly made; as they seem to have been here. But, at all events, they are to be taken as untrue, as the cause stands. Then we have a case', in which a wife leaves her husband without any reasonable ground whatever, takes up her abode near him, falsely tra
 
 *682
 
 duces him by imputations of the most unfeeling cruelty, in-eluding repeated threats and attempts to murder her in various ways — by exposure, by actual violence, and by poison : and then asks a divorce from the bonds of matrimony, in order that she may have liberty to marry again, because the unfortunate husband, after her. withdrawing from him, was unmindful of one of her rights, as a wife, and fell into one of the pits of human infirmity. Upon no principle or precedent can such a divorce be decreed. The distinction between the cases in England, where only divorces
 
 a mensa et thoro
 
 can be judicially decreed, and divorces
 
 a vinculo matrimonii
 
 under our law, must always be kept in mind. Certainly, such a woman can never be regarded as “ the innocent person” in this family feud, and entitled to dissolve this connexion and form a new one. More respect is due to the decencies of life, not to say to the solemn marital vow, than to countenance such an attempt. If it were successful, it would afford but too strong a temptation to a person, tired of one marriage and desirous of another, by separation to bring about that very -pec-
 
 catum,
 
 on which the dissolution of the marriage would be subsequently sought.
 

 But it is said, the husband subsequently concurred in the separation, and therefore has no right to complain of it. But that does not better the case. It only proves, that neither of these parties could be entitled to a divorce
 
 a vinculo
 
 ; for if the separation was not an injury to him, it was to society, and the welfare of the community is to be consulted more than the wishes of the parties. But, in truth, that matter is not before us; for it is not alleged in the libel as one of the grounds for a divorce, nor found by the jury. It is merely brought forward in the answer, and even there it is not pleaded in con-nexion with the divorce directly, but is pleaded particularly in bar of alimony alone. Therefore, our opinion does not proceed at all upon the separation being by agreement, though, if we were to act on it, it would not help forward the petitioner’s claim to this divorce at all. Our opinion goes upon the promoter’s dereliction of duty in separating herself from her husband without any sufficient, indeed, without any cause
 
 *683
 
 in hia conduct. Such
 
 delictum
 
 on her part is a bar to divorce
 
 a vinculo matrimonii
 
 for cause of adultery found by the jury. A divorce
 
 a vinculo
 
 matrimonii, was that granted in the Superior Court, and, indeed, was the only one that could have been granted ; for the prayer in the libel and the motion for a decree were both confined to such a divorce specifically. Therefore the decree must be reversed, and the libel dismissed with'costs.
 

 Although we have not made it the ground of our judgment, we cannot but notice the extreme vagueness and generality of terms, in which the issue is framed and the verdict expressed, as to the defendant’s living in adultery “with another woman.’’ For aught we can see, this “ other woman” may not only be a different woman from the petitioner, but also a different one from either of those with whom the adultery is charged in the petition. As the libel must make specific allegations, so the issue and verdict must conform to the charges in the libel; else the
 
 allegata
 
 and
 
 probata
 
 might vary, and the party be completely surprised.
 

 Per Curiam, Petition dismissed.