MARTHA WHITE v. WILLIAM WHITE.

*Divorce—Sufficiency of Complaint.*

In a divorce suit where the wife alleges ill-treatment by her husband, but fails to state the circumstances connected with the assaults charged and the causes which brought them on, it is error to render judgment in her favor upon the finding of a single issue that she was ill-treated, thereby rendering her condition intolerable and life burdensome (which is but a conclusion of law). In such case the court cannot determine the sufficiency of the grounds upon which her application is based.

(*McQueen* v. *McQueen*, 82 N. C., 471; *Joyner* v. *Joyner*, 6 Jones Eq., 322; *Harrison* v *Harrison*, 7 Ired., 484; *Coble* v. *Coble*, 2 Jones Eq., 392; *Taylor* v. *Taylor*, 76 N. C., 433, cited and approved.)

CIVIL ACTION for divorce *a mensa et thoro* tried at December Special Term, 1880, of LENOIR Superior Court, before *Seymour, J.*

The defendant appeals from the judgment below.

*Messrs. Grainger & Bryan*, for plaintiff.
*Messrs. Geo. V. Strong* and *W. T. Dortch*, for defendant.

SMITH, C. J. The plaintiff, who married the defendant in 1867, she being then about thirty, and her husband sixty-three years of age, commenced her action on April 29th, 1875, for divorce from bed and board, and, besides general charges of brutal treatment, assigns as the special grounds of her application three separate acts of violence suffered at his hands. She alleges:

1. That on the 1st day of January, 1872, he struck her at their residence on the head with a piece of iron about one and a half feet long, causing bruises and swelling which lasted for a week.

2. That in August of the next year at their residence he gave her several blows with a stick two feet in length and one and a half inches in diameter on her head and hip, accompanying the beating with abusive language, from which wounds blood flowed and she suffered severe pain for more than a week.

3. That on April 16th, 1874, he abused her and with a pestle one and a half feet long gave her several blows, cutting and bruising her badly, the effects of which remained for a week.

All this violence she declares was committed on her person without any provocation, and she is entirely silent as to the antecedent and attending circumstances, and the causes which prompted the defendant thus to act. She makes no statement of her own conduct, nor of any facts in explanation of the three violent assaults described in the complaint, separated at long intervals from each other, so that the court can see whether there was any and what excuse or extenuation for such outbursts of temper in an old man crippled and verging upon seventy years of age, contenting herself with the brief averment that there was no provocation given. The plaintiff's statements obviously present a partial view of the several transactions mentioned, and not a full and fair narrative of what occurred on those

occasions, so that the court can determine the sufficiency of the grounds upon which the application is based. It is difficult to conceive how such an innate impulse of rage and passion can exist in the human heart and break-out in acts of brutal violence to an unoffending wife, without an exciting though it may be a wholly inexcusable cause. And it is due to the court whose interposing and protecting power is asked, that all the essential facts should be truthfully and fairly stated. The policy of the law does not favor the separation of married persons, because of domestic strife and dissensions, and does so when one "shall by cruel or barbarous treatment endanger the life of the other," or "shall offer such indignities to the person of the other as to render his or her condition intolerable and life burdensome." Bat. Rev., ch. 37, § 4. So the allegations in the complaint, without an answer, are denied in law, and the material facts must be found by the jury. § 7. And therefore the complaint should contain a fair representation of any transaction relied on as the ground of the decree, since its defects are not aided by the verdict. *McQueen* v. *McQueen*, 82 N. C., 471.

" We are of opinion," remarks PEARSON, C. J., speaking for the court in a case where the petition was obnoxious to the same objection, " that it was necessary to state the circumstances under which the blow with the horsewhip and the blow with the switch were given ; for instance, what was the conduct of the petitioner ; what had she done or said to induce such violence on the part of the husband." *Joyner* v. *Joyner*, 6 Jones Eq., 322.

It is true the instruments charged to have been used in the present case were calculated to inflict much greater injury than the whips, but the same necessity exists in both for a correct account of the matter in order that it may be understood and fairly estimated. It may have been a transcient ebullition of temper, or it may have been the fruit of

a cool deliberate purpose to injure and oppress seeking oc-casion for indulgence. The defendant's answer, denying the first two assaults charged, says, in explanation of the blow alleged to have been given with the pestle, that the plaintiff struck him with the pestle, and caught and pulled out a handful of his hair, when he returned the blow with his fist; that on the second occasion, she struck him with the iron stick, and he simply pressed a small stick against her head and quieted her; that the plaintiff has an uncon-trollable temper, was always the aggressor in using abusive language, and never trusting him as becomes a wife; and that he is seventy years of age, feeble and infirm, and infe-rior in physical strength to his wife.

The affirmative response of the jury to the third issue, " Did the defendant beat, abuse, and ill-treat the plaintiff as stated in the complaint and thereby render her condition intolerable and life burdensome and thus compel her to separate from him," leaves out of view, as does the com-plaint, the circumstances connected with the assaults and the causes which brought them on, and is equally obnox-ious to objection. The matters of excuse and extenuation should also have been submitted to the jury in appropriate issues, and thus the court put in possession of all the facts material in the determination of the cause. If we were at liberty to look into the evidence transmitted, as we are not, the necessity of additional issues as to the plaintiff's con-duct and the existence of a provocation offered by her, would be more apparent. When parties are equally blamable for domestic disturbances—are each *in pari delicto*—the court will not interfere, unless perhaps when necessary to protect from danger to life or great bodily harm. " To entitle a wife to a sentence in a suit for divorce by reason of cruelty, it must not appear that she has herself been the cause of the sufferings she complains of." Poyner Mar. & Div., 214. " A wife is not entitled to a divorce by reason of the cruelty

of her husband, if she is a woman of bad temper and provokes his ill-usage. Her remedy in such cases is by her changing her own manners." Shel. Mar. & Div., 431. The ordinary rule applicable to civil suits, which forbids a party in this court to assign as error the omission to submit issues of controverted facts, which he did not demand at the trial, are not appropriate to proceedings for divorce. Here, the facts material to the plaintiff's relief, with or without a denial from the defendant, must be ascertained and declared by the verdict; and no relief can be granted without such finding. The verdict is in our opinion insufficient, and other issues ought to have been submitted and passed on for a fuller development and understanding of the controversy, nor is this objection removed by the finding that the plaintiff's condition has been rendered intolerable, and her life burdensome, which are but conclusions of law. *Harrison* v. *Harrison*, 7 Ired., 484. The charges of brutal treatment, unexplained and without sufficient provocation (and it will require very great provocation to excuse the defendant) clearly entitle the plaintiff to a separation. *Coble* v. *Coble*, 2 Jones Eq., 392; *Taylor* v. *Taylor*, 76 N. C., 433.

We think the judge erred in rendering his judgment upon the case made in the complaint and affirmed by the jury, without the additional explanatory information, if there be such to which we have adverted. The judgment must therefore be reversed and a new jury ordered.

Error.                                            *Venire de novo.*