MARY O'CONNOR v. THOMAS O'CONNOR.

*Divorce—Alimony—Husband and Wife—Pleading—Issues.*

1. In an action for divorce *a mensa et thoro*, on the ground of personal violence, by the husband, rendering the life and condition of the wife intolerable and burdensome, it is essential that the plaintiff shall specifically set forth in her complaint the circumstances under which the violence was committed, what *her* conduct was, and especially what she had done to provoke such conduct on the part of her husband. A general allegation that such conduct was "without cause or provocation on her part" is insufficient.

2. If the pleadings raise an issue on the conduct of the wife, at the time of the alleged violence, the defendant has a right to have that matter passed on by the jury.

3. A divorce will not be granted for cruel and barbarous treatment under *The Code*, § 1286 (3), where it appears the acts complained of were

committed more than ten years before the commencement of the action, and in the meanwhile the parties had continued to reside together.

4. Nor will a divorce be granted for causes arising within six months before the commencement of the action.

ACTION for divorce *a mensa et thoro*, tried at August term, 1891, of GUILFORD Superior Court, before *Winston, J.*

Twelve issues were submitted to the jury, being those tendered by defendant and adopted by the Court. The issues and responses were as follows:

1. Were the plaintiff and defendant lawfully married? Answer—Yes.

2. Have plaintiff and defendant resided in this State for two years next preceding this action? Answer—Yes.

3. Did the defendant in 1878 violently choke, beat and bruise the plaintiff at the time she was pregnant. Answer— Yes.

4. Did the defendant in September, 1884, strike the plaintiff with a gun? Answer—Yes.

5. Did the defendant, about the 15th day of October, 1889, violently throw the plaintiff against the door, hurting her head? Answer—Yes.

6. Did the defendant, on Thanksgiving day, 1890, drag plaintiff out of her chair and attempt to throw her out of the house? Answer—Yes.

7. Did the defendant call plaintiff vile and opprobrious names, accusing her of a want of chastity, in the presence of her children and strangers? Answer—Yes.

8. If defendant did call plaintiff vile and opprobrious names, accusing her of a want of chastity, did he do so under provocation by plaintiff, and in a sudden fit of anger? Answer—Yes.

9. Was the notice in the newspaper made with intent to insult plaintiff and bring her into humiliation and contempt? Answer—Yes.

10. Did defendant bring a strange woman into his house, and give her the management and control of his household affairs, to the exclusion of the plaintiff? Answer—No.

11. What amount of money, if any, has plaintiff let defendant have of her separate estate, and which is not repaid? Answer—$100.

12. Does the plaintiff now reside in her husband's dwelling because she has no means to support herself elsewhere, and no home to go to, or friends to aid her? Answer—Yes.

The plaintiff, in her own behalf, testified substantially to the several acts of cruelty, violence and mistreatment on the part of the defendant, as set out in the complaint, and she further testified that each and everyone of the said acts and doings of the defendant were without cause or provocation on her part.

Plaintiff also placed in evidence a copy of the *Daily Workman* containing the publication referred to in the complaint, which was identified and admitted as a newspaper published and circulated at the time as alleged.

The defendant testified in his own behalf, and denied specifically each one of the several allegations of cruelty, violence and mistreatment alleged in the complaint, and testified to by plaintiff, except he admitted that he did charge plaintiff with a want of chastity, but that he did this in the heat of passion, at a time when plaintiff had crossed and provoked him. He also admitted publishing plaintiff in the *Daily Workman*, but said that he apprehended that plaintiff would make bills, or get money, as she had declared her purpose (as witness stated) to do this, and leave and go back North to her former home.

Five of the children of plaintiff and defendant, three males and two females, all grown, and all residing with the defendant, were introduced by defendant as witnesses in his behalf, and each gave testimony tending to corroborate defendant.

After the verdict, the plaintiff, by leave of the Court, amended the complaint by inserting in Article 4, before each of the several allegations of cruelty, violence and mistreatment, the words " Without cause or provocation on her part."

Defendant excepted to these amendments.

Both parties then moved for judgment : the plaintiff for a decree of separation and for alimony; the defendant for judgment in his favor on the complaint, and findings of the jury.

Judgment was entered for plaintiff. From the refusal of the Court to grant his motion, the defendant appealed.

*Messrs. Dillard & King* and *J. T. Morehead* (by brief), for plaintiff.

*Messrs. J. E. Boyd* and *R. M. Douglas* (by brief), for defendant.

Avery, J.—after stating the case, proceeded: It is true, as insisted by counsel in the brief, that a husband who brings his action for divorce from the bonds of matrimony is not required to "purge his conscience" by negativing, in his complaint, the possibility of unfaithfulness on his part. *Edwards* v. *Edwards*, Phil., 544 ; *Steel* v. *Steel*, 104 N. C, 631. But when the wife demands only a divorce *a mensa et thoro*, on the ground that the husband, by personal violence, has made her life intolerable and her condition burdensome, she must state specifically her complaint, what, if anything, was said or done by her just before or at the time her husband struck her, or threatened her, or charged her with incontinency ; or she must, in some way, negative, by explicitly setting forth what her conduct was, the idea that any act or word on her part was calculated to arouse sudden passion on the part of the husband, or put him on the defensive. *White* v. *White*, 84 N. C., 340 ; *Joyner*

v. *Joyner,* 6 Jones, Eq., 322; *Jackson* v. *Jackson,* 105 N. C., 433; *McQueen* v. *McQueen,* 82 N. C., 471.   In the case of *White* v. *White, supra,* the complainant alleged that an assault upon her by her husband with a piece of iron about a foot and a half long, and another with a stick about two and a half long, were committed on her person without any provocation ; " but," said the Court, " she was entirely silent as to the antecedent and attending circumstances and the causes which prompted the defendant thus to act.   She makes no statement of her own conduct, nor of any facts in explanation of the *three violent assaults described in the complaint, separated at long intervals from each other,* so that the Court can see whether there was any, and what, excuse or extenuation for such outbursts of temper in an old man, crippled and verging upon seventy years of age."   In that case the jury found in response to an issue, that the defendant did " *beat,* abuse and ill-treat the plaintiff, *as alleged* in the complaint." The fact that the jury find, in responding to four separate issues, that four assaults were committed at long intervals, instead of three, does not distinguish the case at bar in principle from *White* v. *White, supra.*   The language of the amendment (" *without cause or provocation on her part* ") made by the Court, after verdict, is substantially the same as that declared in *White* v. *White,* insufficient to give the complainant a status in Court

In *Joyner* v. *Joyner, supra,* the Court held that, though the wife had been stricken by the husband with a horse-whip and corrected with a switch, it was essential that she must set forth in her petition for divorce from bed and board the circumstances under which the blows were given, what her conduct was, and especially " what she had done or said to induce such violence on the part of the husband."

The Judge had the right to allow an amendment of the pleadings so as to make an allegation conform to the proof, where both parties had offered testimony bearing upon the

issue raised by such allegation and the defence to it.    But as the amendment itself was not sufficiently specific to show that the plaintiff's action was well grounded, it is not necessary to discuss the form of the issues.    Where the pleadings raise an issue as to the conduct of the wife at the time of the assault, or when she was otherwise mistreated, the husband has the right to demand that the question so raised shall be passed upon by the jury through the medium of some issue submitted.    *White* v. *White, supra.*    It is intimated, rather than suggested, that the assault made in 1878, on account of the wife's condition, amounted to such cruel and barbarous treatment as to endanger her life, and that, therefore, the plaintiff may rightfully insist that she has brought the case within the meaning of sub-section 3, § 1286.    To this we answer, first, that it is not found by the jury that her life was endangered, and the judgment cannot be predicated upon that view in the absence of such a finding; second, that she had lived with her husband for ten years after that assault and before this action was brought.    The Court will not allow a separation for an offence so long ago condoned.

The publication in the newspaper and the assault on Thanksgiving day were both causes of complaint that arose within six months before the issuing of the summons, which was the commencement of the action.    Neither can be considered as grounds for granting the relief prayed for in this action.    *Jackson* v. *Jackson, supra.*    " The Courts have held parties seeking divorce to strict proof, not only in conformity to a fair construction of the statutes relating to the subject, but in accordance with the dictates of public policy."

We think there was error in the refusal to grant the defendant's motion; but, as the amendment allowed by the Court is not sufficient to give the plaintiff a status in Court, a new trial will be awarded, and an opportunity extended to plaintiff to make the allegations more specific.    *Porter* v. *Railroad,* 97 N. C., 66.

New trial.