W. N. LADD v. MARY J. LADD.

*Action for Divorce—Petition for Divorce for Abandonment—Pleading—Amendment—Practice.*

1. In an action for divorce, in which the defects in the complaint are not cured by the verdict, it is not sufficient to allege, (following the words of Chapter 277, Acts of 1895) merely the abandonment by the wife, and her living separate and apart from her husband, and her still refusing to live with him, but all the facts relied on as constituting the cause of action are required to be set forth specifically and definitely.

2. Where an exception is made, for the first time in this Court, that the complaint does not state facts sufficient to constitute a cause of action, and the defects are such that they cannot be cured by additional averments, the action will be dismissed; but if the defects, though too serious to be cured by a failure to demur, can possibly be cured by additional averments, this Court will not dismiss the action, but will grant a new trial, in order that the plaintiff may ask leave to amend.

3  An act permitting divorces for past abandonment but not to apply to future cases of separation is constitutional.

. CIVIL ACTION for divorce, tried before *Allen, J.,* and a jury at March Term, 1897, of DURHAM Superior Court.

The complaint was as follows :

"The plaintiff alleges :

1.   That on the 11th day of August, 1892, he and the defendant, Mary J. Ladd, were duly married.

2.   That more than two years ago, *to-wit:* about the first day of January, 1894, the defendant, Mary J. Ladd, his lawful wife, as aforesaid, abandoned the plaintiff, and since that time has lived separate and apart from him, refusing at all times since to live with him, and still so refusing.

3.   That plaintiff has been a resident of the State of North Carolina for more than three years next before the filing of this complaint.

Wherefore plaintiff prays an order and decree of the Court that this relation between himself and the defendant be dissolved, and that he may be divorced from the bands of matrimony existing between him and the defendant."

The defendant denied the abandonment on her part, and alleged that plaintiff had abandoned her and refused to contribute to the support of herself and child and that she had been a faithful and dutiful wife.   Her answer also contained the following defence :   "That she is advised by her counsel, and therefore alleges, that the Act under which this suit was brought, *to-wit:* Chapter 277, of the Laws of 1895, is class legislation and is opposed to the spirit of our laws and therefore of no validity.   That said Act is not in harmony

with that provision of our fundamental law that special provision shall be extended to no man or set of men, in that if man and wife separated March 12, 1895, and the husband abandoned the wife at that date, she might sue for and obtain a divorce in April of 1897. Whereas, had such abandonment occurred on the 14th of March, 1895, no divorce could have been granted."

There was a verdict for the defendant, and, his Honor having sustained a demurrer to the plaintiff's evidence, the plaintiff appealed.

In this Court the defendant moved to dismiss the action for the reason that the complaint did not state a cause of action.

*Messrs. Boone & Bryant,* for plaintiff.

*Messrs. Winston & Fuller,* for defendant (appellant).

CLARK, J.: There was sufficient evidence to submit the case to the jury (*State* v. *Green,* 117 N. C., 696; *State* v. *Kiger,* 115 N. C., 751), and for the error in sustaining the demurrer to evidence the plaintiff is entitled to a new trial. The defendant, however, moves in this Court to dismiss because the complaint does not state facts sufficient to constitute a cause. This is one of the two exceptions which can be taken in this Court, though not made below; the other being that the Court had no jurisdiction. Rule 27. *Kidd* v. *Venable,* 111 N. C., 535.

It is often difficult to distinguish between a defective statement of a good cause of action which is cured by a failure to demur and the statement of a defective cause of action which is not, and to which an exception can be taken for the first time in this Court. *Knowles* v. *Railroad,* 102 N. C., 59; *Mizzell* v. *Ruffin,* 118 N. C., 69. But under the settled authorities, in an action for divorce it is not sufficient to allege, following the words of chapter 277, Laws of 1895, merely the abandonment by the wife, and her living separate and apart from her husband, and her still refusing to live with him, but "all the facts relied on as constituting

LADD *v.* LADD.

the cause of action are required to be set forth," and "they are to be charged, as far as possible, specifically and definitely." *McQueen* v. *McQueen,* 82 N. C., 471, citing *Whittington* v. *Whittington,* 19 N. C., 64; *Wood* v. *Wood,* 27 N. C., 674; *Foy* v. *Foy,* 35 N. C., 90. "The complaint should contain a fair representation of any transaction relied on as the ground of the decree, since its defects are not aided by the verdict." *White* v. *White,* 84 N. C., 340, citing McQueen's case, *supra;* and both these cases have been cited and approved since. *Jackson* v. *Jackson,* 105 N. C., 433; *O'Connor* v. *O'Connor,* 109 N. C., 139. Among many prior cases of the same purport are *Harrison* v. *Harrison,* 29 N. C., 484; *Everton* v. *Everton,* 50 N. C., 202; *Erwin* v. *Erwin,* 57 N. C., 82; *Joyner* v. *Joyner,* 59 N. C., 322.

If there was no jurisdiction in the Court in which an action originated, it will be dismissed in this Court on motion *ore tenus,* or even *ex mero motu* by the Court itself. But when the defect is that the complaint does not state a cause of action, if the defect is such that it cannot possibly be cured by additional averments, the action must, of course, be dismissed; but when the defects, though too serious to be cured by a failure to demur, yet are not so radical that they cannot be cured by permitting additional averments,—the line between which, as above stated, is difficult to draw,— the Court will not dismiss, but will grant a new trial, that the plaintiff may ask leave to amend. This was the course pursued by this Court in both *Jackson* v. *Jackson,* and *O'Connor* v. *O'Connor, supra.* While this distinction has not always been noted, and cases in which the defect, though too serious to be cured by pleading over, was yet capable of being stated on a repleader, have been dismissed, the latter course was an oversight and should not be followed in that class of cases.

As both parties are thus entitled to a new trial, each will pay his own costs in this Court. *Code,* Section 527.

The defence set up in the answer that the act of 1895 is invalid and unconstitutional is without merit. New trial.