The positions of the parties as set forth in the pleadings, and the facts appertaining to the motion are embodied in his Honor's judgment allowing alimony to the wife, which is as follows:
"This cause coming on to be heard before Hon. F. A. Daniels, judge presiding, at the March Term, 1924, of Pitt Superior Court, on motion of defendant for alimony pendente lite, or an allowance to be made by the court to be paid by the plaintiff for the use of the defendant for necessary maintenance, support and expenses of defendant, pending the determination of this action, and for attorney's fees, and the matter being heard on the pleadings, affidavits and oral testimony, both parties, plaintiff and defendant, being present in court and represented by counsel, and the court finding the following facts:
"1. That summons was regularly issued and served on the defendant on January, 1924, and complaint filed on 16 January, 1924, in which the cause of action based only on the separation of the plaintiff and defendant on 1 January, 1919, and the living separate and apart from each other since said date; that extension of time for filing answer was granted defendant by the clerk of Superior Court, and that answer, further answer and cross-action of defendant was filed on 10 March, 1924, in which defendant admitted the marriage on 15 June, 1905, and separation on 1 January, 1919, and the living separate and apart from plaintiff since said date, but alleged that said separation was not through any fault or wrongdoing of defendant or of her own accord, but was brought about and forced upon her by the cruel, inhuman and unjust treatment of the plaintiff; that defendant's further answer and cross-action alleged that she was the party injured by reason of the plaintiff's conduct and the separation, and prayed for dismissal of the plaintiff's action for divorce a vinculo matrimonii, and that defendant be granted divorce a mensa et thoro and alimony, and also alimony pendentelite, and attorney's fees; that plaintiff on 20 March, 1924, filed replication denying the allegations contained in the defendant's further answer and cross-action, and plead the three-year statute of limitations in bar of the defendant's recovery.
"2. That the statutory notice of the hearing, together with affidavit of complaint to obtain alimony pendente lite was duly and regularly served on the plaintiff on March, 1924, and the plaintiff was present at the hearing, represented by counsel, and the cause fully heard on the pleadings, affidavits and oral testimony.
"3. That the plaintiff is not the party injured within the contemplation of the statute, and that the separation complained of by plaintiff and set up as his cause of action for divorce, was caused by the cruel, inhuman and unjust treatment accorded defendant by plaintiff, and that defendant after living with plaintiff from 15 June, 1905, to *Page 323 
1 January, 1919, and during said time bearing him seven children, was, through the brutality, foul and slanderous accusations and disgraceful and inhuman conduct of plaintiff forced to seek the protection of her father's home, and that is was the plaintiff's conduct toward the defendant, making her life burdensome and her existence intolerable that was the direct cause of the separation, which was brought about through no fault or wrongdoing of the defendant; that plaintiff did not properly provide attention for defendant during sickness and childbirth, and that the plaintiff on one occasion slapped defendant and threatened her bodily harm, and on other occasions would come in late at night and kick and batter down doors to the home, without warning or making known his identity, and that plaintiff foully and injuriously accused defendant of infidelity.
"4. That there are four children born to plaintiff and defendant now living, two of whom are living with plaintiff, and the other two with defendant, and that defendant's individual estate, from which her total income does not exceed $400 per annum, is insufficient to support herself and her two said children, and therefore defendant is without adequate means for her maintenance and support during the pendency of this action, and is without means with which to pay attorney's fees and other expenses with which to properly prepare and maintain her defense and cross-action; that plaintiff owns an estate consisting of valuable farm lands, team, farming implements, etc., valued at from fifty to one hundred thousand dollars, and is amply able to pay the defendant alimony during the pendency of the action, and the allegations of the facts in answer found to be true of this action. The foregoing facts are found from the evidence for the purpose of the motion for alimony, and is not to prejudice plaintiff upon the trial upon the merits.
"5. That defendant is justly and properly entitled to alimony pendentelite and attorney's fees, and that a fair and just allowance for plaintiff to pay to defendant for her maintenance and support during the pendency of this action $50 per month and $200 additional for attorneys' fees.
"6. That plaintiff's plea of the three-year statute of limitation, as set out in paragraph 10 of his replication or reply is not a bar to defendant's right of recovery of alimony pendente lite and expenses, including attorney's fees. It is now, on motion of D. M. Clark and M. B. Prescott, attorneys for defendant, ordered, adjudged and decreed that the plaintiff, N.E. Garris, on 1 April, 1924, and on the first day of each month thereafter, during the pendency of this action, pay into the office of the clerk of the Superior Court of Pitt County the sum of $50 *Page 324 
as a monthly allowance to be paid by the clerk of said court to the defendant, Emma Garris, for the purpose of providing her with maintenance and support.
"It is further ordered that the plaintiff, N.E. Garris, immediately pay into the office of the clerk of the Superior Court of Pitt County the sum of $200, to be paid by the clerk of said court to the defendant's attorneys of record in this case as a partial compensation for preparing defendant's cause of action and defense for trial, and this cause is retained for further orders.
"This 28 March, 1924. F. A. DANIELS, Judge Presiding."
Defendant excepted and appealed, assigning for error that the court held as a matter of law that defendant's cross-action for alimony and counsel fees was not barred by statute of limitations.
At common law there was in strictness no statute of limitations barring a divorce proceedings, though a court having jurisdiction would at times refuse relief where there had been unreasonable delay in making the application, a principle which has been embodied in the English Divorce Act, referring the question to the sound legal discretion of the trial court. Buswell on Limitations, sec. 191, note; 2 Bishop on Marriage and Divorce, sec. 108. Under our statute of limitations there is no provision which in express terms bars a divorce, and if such an action is barred with us it would be by C. S., 445, barring all actions not otherwise provided for in ten years. In O'Connor v. O'Connor, 109 N.C. 139, it seems to have been held that in proper instances the section referred to is applicable to actions for divorce.
As to the demand for alimony, while our legislation on the subject now provides for its award by separate and independent suit, C. S., 1667, it was formerly only allowable as ancillary to suits for other relief, usually in actions for divorce. Growing out of the obligation of a married man to support a deserving wife, it was a continuing liability, enforceable whenever the necessity for it should arise unless barred by some specific statute applicable. In the present case the application is for alimonypendente lite — for her support during the separation — and to enable her to properly present and maintain her suit, a right to which she is clearly entitled under our decisions and on the present aspect of the record. Medlin v. Medlin, 175 N.C. 529; Webber v. Webber, 79 N.C. 572;Barker v. Barker, 136 N.C. 316.
It is insisted for plaintiff, appellant, that this right to alimony arose when the separation took place in 1919, and being a liability then *Page 325 
created by statute, is barred in three years by the express provision of the law. C. S., 441, subsec. 2. It might be answered that in the very section on which appellant chiefly relies, C. S., 1667, the right accrues to the wife as incident to the suit for independent alimony, and not necessarily at the time the separation took place, but the final answer to plaintiff's position is that defendant's application here is under Rev., 1666, for alimony pendente lite, arising to her when the action is commenced and not before. The times designated in all these sections of the statute, section 441 and others, begins to run from the accrual of the right — here, at the beginning of her suit and as incident to it, and in no aspect of the case is her application barred.
There is no error, and the judgment of the court below is
Affirmed.