WICKLIFF *v.* WICKLIFF.

4-3959

Opinion delivered October 14, 1935.

*C. Floyd Huff, Jr.,* for appellant.

*A. D. Shelton,* for appellee.

SMITH, J. Appellee was granted a divorce from appellant, who insists on this appeal therefrom that it should be reversed: (a) because appellee had not resided in the State two months before filing suit, and (b) because the allegation of desertion as ground for a divorce is not sustained by the testimony.

The depositions taken in the case show that appellee became a resident of the State on December 21, 1933, and filed suit for divorce on February 19, 1934. He had not therefore been a resident of this State for two months before filing suit, as required by act 71 of the 1931 session of the General Assembly. Acts 1931, page 201.

The complaint alleges numerous indignities and various acts of misconduct which no self-respecting man would endure.

On March 7, 1934, appellant filed a motion for an allowance of suit money and maintenance. On April 10, 1934, she filed an answer denying all the allegations of the complaint, and renewed her motion for an allowance for support and maintenance.

On June 7, 1934, appellee filed an amendment to his complaint, in which he charged desertion alleged to have been committed as follows:

"That for a long period of time prior to the first day of September, 1926, when he left the defendant, the defendant cursed, abused and threatened him, and for days at a time remained in a state of intoxication; that she remained away from home at nights, and made trips into the State of Florida and elsewhere for the purpose of being with other men; that, by reason of the conduct of the defendant aforesaid, he was driven from his home;

that under the circumstances it was unsafe, unwise and highly improper and impossible to remain with the defendant; and that the defendant, by reason of her conduct, is guilty of willful desertion without reasonable cause for the space of more than one year."

On the following day appellant filed an answer to the amended complaint, in which she denied all the allegations of that pleading.

It appears, as has been said, that the suit was prematurely brought. But the amendment to the complaint was filed at a time when the plaintiff had resided in this State for a sufficient length of time to sue for a divorce. This amendment alleged a new cause of action, and, as was said in the case of *Wood* v. *Wood*, 59 Ark. 441, 27 S. W. 641, the filing of an amendment setting up an entirely separate and distinct cause of divorce, and the answer of the defendant thereto, were equivalent to, and not distinguishable from, the bringing of a new suit, and the defendant, by answering, entered her appearance, and waived summons, and the same result was reached as would have been accomplished had a new and original complaint been filed with service of process thereon.

As it appears, from the face of the pleadings and from the depositions as well, that more than five years had elapsed since the separation of the parties, no divorce can be granted because of the indignities and misconduct as such which induced the separation, unless this misconduct is tantamount to desertion.

The statute requires proof that the cause of divorce occurred or existed within five years next before the commencement of the suit. Section 3505, Crawford & Moses' Digest. But desertion is a continuing cause of divorce, and "exists," within the meaning of the statute, as long as the desertion continues. *Mullenband* v. *Mullenband*, 137 Ark. 505, 208 S. W. 801.

Desertion is ordinarily committed by the spouse who leaves the home where the marital relation has existed. But this is not always true, nor is it necessarily so. At § 64, vol. 1, Nelson on Divorce and Separation, p. 104, it is said: "The general rule is that where one party is guilty of a cause for divorce the injured party is justi-

fied in leaving the home, and after such separation has continued for the statutory period the injured party may obtain a divorce for desertion. If the conduct of the guilty party did not constitute a cause for divorce, neither party is entitled to a decree. The injured party was absent without justifiable cause, while the guilty party is precluded from obtaining a divorce for a separation caused by his own misconduct.''

In 19 C. J., chapter Divorce, §§ 116-117, p. 61, it is said: ''The spouse who by his or her act intentionally brings the cohabitation to an end is guilty of desertion. Hence where a spouse intentionally brings the cohabitation to an end by misconduct which renders the continuance of the marital relations so unbearable that the other leaves the family home, the former, and not the latter, is the deserter.''

Among the numerous cases cited in the note to the text just quoted is our own case of *Rigsby* v. *Rigsby*, 82 Ark. 278, 101 S. W. 727. In that case the husband's mistreatment of his minor stepdaughter caused his wife, the child's mother, to leave his home. Mr. Justice RIDDICK, speaking for the court, there said: ''As her departure was caused by his unreasonable conduct, and as he has never expressed any regret or invited or tried in any way to induce his wife to return, the courts, after the expiration of a reasonable time, are justified in treating his conduct as in law an abandonment of her.''

See also 1 Bishop, Marriage and Divorce, § 1710.

So here while the five-year statute, above referred to, bars the action based upon the indignities as such, because the suit was not brought for more than five years after their commission, yet they were such acts as constituted a cause for divorce and rendered the continuance of the marital relation so unbearable that the husband was compelled to leave the family home, in which case the wife, and not himself, was the deserter. The court was therefore justified in finding that the wife was the deserter, and, as this is a continuing cause of divorce, it was not barred by the five-year statute.

The decree of the court awarding a divorce is therefore affirmed.