### FRANZETTI v. FRANZETTI.

#### No. 8715.

Court of Civil Appeals of Texas. Austin.
July 20, 1938.

Rehearing Denied Sept. 21, 1938.

Cofer & Cofer, of Austin, for appellant.

Judge Ocie Speer and Wright Stubbs, both of Austin, for appellee.

McCLENDON, Chief Justice.

Appeal from a judgment upon a special issue verdict, granting a divorce to Louis Franzetti (appellee) from his wife, Gertrude Franzetti (appellant)..

The appeal presents two important questions which appear to be of first impression in this state:

(1) Whether R. C. S. Art. 5529, barring all actions "for which no limitation is otherwise prescribed" in four years, is applicable to actions for divorce; and (2) whether in an action for divorce by the husband on the ground of cruel treatment a single act of adultery on the part of the husband constitutes a complete defense to his suit.

As to the plea of limitation: The suit was predicated upon a series of acts of cruel treatment, culminating in a separation of the spouses June 26, 1930. The instant suit was brought November 2, 1934. The plea of limitation was therefore good as to the case presented by the pleadings, if the article cited applies to actions for divorce.

Appellee relies upon the following quotation from 19 C.J. p. 97, § 225: "Statutes limiting in general terms the time within which actions may be brought do not ordinarily apply to divorce suits, but in the absence of statutory limitation the equitable doctrine of estoppel is usually applied."

Three cases are cited as supporting the text: Mosely v. Mosely, 67 Ga. 92; Tufts v. Tufts, 8 Utah 142, 30 P. 309, 16 L.R.A. 482; Yeager v. Yeager, 19 Pa.Dist.R. 726. The case from a district court of Pennsylvania is not available, and we have not examined it.

The Georgia case was predicated upon cruel treatment, abandonment for over twenty years, and adultery, all on the part of the husband. The plea of limitation was predicated upon the ground that divorce was a statutory action as to which the statutes of limitation applied.

It is to be observed that abandonment was one of the grounds alleged. Even in states having specific statutes expressly applicable to divorce, abandonment is held to be a continuing offense as to which limitation does not apply. See Wickliff v. Wickliff, 191 Ark. 411, 86 S.W.2d 553.

In the Utah case, after alleged acts of cruelty on the part of the husband, the spouses separated and obtained a "church divorce," which they thought to be legal. The wife (plaintiff) married another man, but ceased to live with him when she discovered the "church divorce" was not legal. The husband had married several times since the "church divorce."

In both of these cases there were elements which would have prevented running of the statute. However, it is clear that the court in each case intended to hold that statutes of limitation in general terms are not applicable to actions for divorce.

A careful reading of the Georgia case leads us to the conclusion that the holding was rested largely upon the fact that divorce, though the grounds therefor may be prescribed by statute, is essentially an equitable action, and is governed by equitable principles derived largely from the English common and ecclesiastical law, and therefore general statutes applicable to actions at law will not be held to apply to them, unless there is some expressed legislative intent to that end. We quote from the opinion: "In other states, where common and ecclesiastical law prevailed, for this cause of action special statutes in bar were enacted, and until the law-making power here so enacts we do not feel authorized by implication to apply any limitation now in force to this character of suit."

The Utah holding is predicated upon the Georgia holding.

While in Kittle v. Kittle, 86 W.Va. 46, 102 S.E. 799, the Supreme Court of West Virginia reached the same conclusion, the holding there was rested upon the proposition that "suits for divorce being cognizable only in equity, are controlled solely by principles of equity, and the general statute of limitations does not apply."

On the other hand, it was held by the Supreme Court of North Carolina in Garris v. Garris, 188 N.C. 321, 124 S.E. 314, that a statute in general terms, barring all actions, not otherwise provided for, in ten years was applicable to divorce, although there was no statutory provision expressly applicable to divorce.

If the adjudications of other jurisdictions were numerous and uniform, we might be reluctant not to follow them. But the question at issue seems only to have reached the courts of last resort in three other states, and the decisions in these are in conflict. There is also another reason why, in a matter of this sort, decisions of the common law states should have no impelling force with us, namely, the fact that the distinctions between law and equity have never existed in this state, as in those states. True, "Equitable principles are a part of the law of Texas"; but

"Every lawyer is informed as to the peculiar distinctions between the English courts of law and courts of chancery, and the differences between their systems of law and remedies and procedure. Every Texas lawyer is aware also that these distinctions and differences were unknown to the Spanish civil law which prevailed in early times, and that they are of little if any importance under the system which has come into being in this state. In truth, they seem to appertain to the realm of phrases, rather than to that of facts.

" 'The distinctions between law and equity have never obtained in Texas. They were not recognized in the earliest times when the civil law of Mexico was administered. They were unknown to the Constitution of Coahuila and Texas. After independence the Constitution of the republic ignored them. Each succeeding Constitution of the state has expressly denied their

existence. At most, the distinction in this state is a very narrow one. In some aspects it may be said to be more one of form than of substance.'" 17 Tex.Jur. pp. 4, 5. The quotation is from City of Dallas v. McElroy, Tex.Civ.App., 254 S.W. 599, error dismissed.

The right of trial by jury applies here without distinction, to both law and equity cases, and so far as we have been able to discover our limitation laws apply alike in equity as at law. Huggins v. Johnston, Tex.Civ.App., 3 S.W.2d 937, affirmed 120 Tex. 21, 35 S.W.2d 688; Conrads v. Kasch, Tex.Civ.App., 26 S.W.2d 732, error refused 119 Tex. 449, 31 S.W.2d 630; 28 Tex.Jur. p. 89, § 15. . In like manner, our statutes of limitations in suits for land, are held to apply to equitable as well as legal titles. New York & T. Land Co. v. Hyland, 8 Tex.Civ.App. 601, 28 S.W. 206, error refused.

Where the wrongful act complained of is continuing in its nature, as is the case in cloud upon title, limitation manifestly does not apply. State M. Corp. v. Ludwig, 121 Tex. 268, 48 S.W.2d 950; Pannell v. Askew, Tex.Civ.App., 143 S.W. 364; Slider v. House, Tex.Civ.App., 271 S.W. 644; White Point Oil & Gas Co. v. Dunn, Tex. Civ.App., 18 S.W.2d 267; Bookhout v. McGeorge, Tex.Civ.App., 65 S.W.2d 512.

But for its stated exceptions, Art. 5529 is all-inclusive in its wording. It reads: "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward." ·

In view of the above considerations, we hold that where the suit for divorce is based upon acts complete in themselves and not of a continuing nature, the four years statute of limitations applies, as ·in other cases.

There is evidence in the record to the effect that appellant continued her alleged acts of cruelty after the separation in June, 1930. For which reason judgment should not be rendered here.

Upon the second question: While the evidence was circumstantial, and came from appellant and her mother alone, it was clearly sufficient to support a finding that appellee was guilty of a single act of adultery after the separation.

Appellant tendered, and the court refused, the following special issue:

"Do you find from a preponderance of the evidence that the plaintiff since he left defendant, if he did leave her, has been guilty of adultery with another woman? Answer 'Yes' or 'No.'

"The term adultery as used in this charge means carnal intercourse between a married person and a single person of the opposite sex."

Appellee contends that to constitute a defense to the husband's suit for divorce on the ground of cruel treatment the adultery of the husband must be such as would entitle the wife to a divorce on that ground, that is that "he shall have abandoned her and lived in adultery with another woman." R.C.S. Art. 4629, Subd. 3. We do not concur in this contention.

It is conceded that adultery is generally held to be a complete defense to an action for divorce upon any ground including that of cruel treatment. 15 Tex.Jur. p. 493, § 42; 9 R.C.L. p. 390, § 183.

This rule is not predicated upon the ground that the guilty plaintiff has committed an act constituting a statutory ground for divorce in favor of defendant. ·The basis is thus stated in 9 R.C.L. p. 387, § 180: "It is a general principle of the common law that whoever seeks redress for the violation of a contract resting upon mutual and dependent covenants, to obtain success must himself have performed the obligations on his part. Something analogous to this principle is found in the doctrine of recrimination, or compensatio criminum, which was originally borrowed from the canon law, by which the defendant in divorce proceedings is permitted to contest the plaintiff's application on the ground of his own violation of the marriage contract—to set off, to use the language of the cases, the equal guilt of the plaintiff. The doctrine of recrimination by the defendant as a defense in bar of the plaintiff's relief has become fully established in this country; and though misconduct of the plaintiff, such as adultery, occurs after the commencement of his or her suit, it is as fully effective to bar the right to a divorce therein, as if it had occurred previous to the commencement of the suit."

We have a statute (Art. 4630) which expressly bars a suit for divorce predicated upon adultery, where the plaintiff, whether

the husband or the wife, is shown likewise to be guilty of adultery.

"This article is but declaratory of the law as it existed at the time the Revised Statutes were adopted, and must be subject to a like construction, unless there is something in the language of the article itself authorizing a different interpretation." Haines v. Haines, 62 Tex. 216, Chief Justice Willie writing.

Quoting further from that opinion: "As was said in Mattox v. Mattox, supra [2 Ohio, 233, 15 Am.Dec. 547], the plaintiff must come into court with clean hands. We must not offer a bounty to guilt, or 'remove one of the strongest motives to that correctness and chastity of conduct which is necessary to render the marriage state either pleasant or convenient.'"

In Lawler v. Lawler, Tex.Civ.App., 15 S. W.2d 684, the court refused to accept the definition of adultery, as a recriminating offense, as defined by the criminal law (P. C. Art. 499), but adopted the generally accepted definition of the term.

"The word 'adultery,' as used in divorce proceedings, means voluntary sexual intercourse of a married person with one not the husband or wife of the offender. 19 C. J. p. 42, § 75." [page 685].

As early as 1888 our Supreme Court said: "Wisely, or not, our statutes do not make occasional acts of adultery on the part of the husband a cause of divorce, when sought by the wife." McAlister v. McAlister, 71 Tex. 695, 10 S.W. 294, 295. Although a single act of adultery on the part of the wife is ground for divorce when sought by the husband. This distinction or so called "double standard" appears to have had its origin in the common law. "The circumstances on which adultery depends at common law is its tendency to adulterate the issue of an innocent husband and to turn the inheritance away from his own blood to that of a stranger, for if the woman is single, her incontinence produces none of this evil, because her illegitimate offspring can be heir to nobody." 1 Am. Jur. p. 683, § 3.

It may be regarded as singular that this "double standard" still persists in our divorce statutes, and has not yielded to the modern trend toward equality of the two sexes before the law.

However that may be, where the suit is by the husband we hold that adultery on his part as that term is generally defined is a complete defense to his suit. This upon the ground so aptly put in the above quotations, which require no elaboration. The trial court was therefore in error in refusing the requested special issue.

■■ Appellant further urges that the verdict will not support the judgment because there was no finding that appellee was a bona fide inhabitant of Travis County for six months next preceding the filing of the suit. The evidence conclusively shows that appellee was born and reared in Travis County, and had lived there all his life up to the date of trial. There was no fact issue to be determined in this regard. The jury is a fact finding body; and where there is no fact issue to be determined there is no necessity for a jury finding. 41 Tex. Jur. p. 1027, § 228.

The other grounds upon which error is predicated relate to objections to the issues presented and refusal of special issues. We believe the court fairly submitted to the jury the ultimate fact issues presented by the pleadings and the evidence.

■■ "The particular manner in which the issues are presented is largely discretionary with the trial court. By the expression 'issues of fact' is not meant the various controverted specific facts which may enter into the main issues of fact, but only the independent ultimate facts which go to make up plaintiff's cause of action and defendant's ground of defense. If such ultimate issues of fact are fairly presented, the mode of presenting them by the trial court will not be reviewed. Nor will too great a generalization by the trial court be reviewed, even upon timely objection, in the absence of correct special issues tendered by the objecting party, unless there is affirmative error in the issue submitted by the court. This subject is very ably and exhaustively treated by the Supreme Court of Wisconsin in Baxter v. Railway Co., 104 Wis. 307, 80 N.W. 644." Texas City Transp. Co. v. Winters, Tex.Com.App., 222 S.W. 541, 542.

The trial court's judgment is reversed and the cause remanded.

Reversed and remanded.