JOHN DOE v. JANE DOE.

(*October* 15, 1965)

CHRISTIE J. sitting.

*A. James Gallo* and *Victor F. Battaglia,* for plaintiff.

*Stephen Hamilton* and *Frank O'Donnell,* for defendant.

Superior Court for New Castle County, No. 38 Civil Action, 1965.

CHRISTIE, Judge.

The amended complaint in this divorce action alleges that the parties were married on October 16, 1946. Thereafter they purchased a farm as tenants by the entireties and lived together as man and wife until November 2, 1964, when they separated. Plaintiff now seeks a divorce upon an allegation that his wife committed adultery with a named individual in the month of July, 1951. The complaint goes on to allege that plaintiff has not condoned the adultery and has never cohabited with his wife since he obtained information of her commission of adultery.

Defendant moves to dismiss on the ground that the action is barred by the general statute of limitations which reads in pertinent part as follows:

"* * * no action based on a statute * * * shall be brought after the expiration of 3 years from the accruing of the cause of such action * * *." (10 *Del. C.* Sec. 8106)

Interpretation of this statute, under the facts of this case, constitutes a matter of first impression in the courts of this state.

Before its amendment in 1947, the Delaware statute of limitations was so worded as to apply to various enumerated actions such as trespass, replevin, detinue and debt. There was no sweeping language that corresponded to the present provision and it was clear that the unamended statute of limitations did not apply to divorce actions.

In the case of *D. v. D.*, 2 Terry 263, 20 A.2d 139 (Super. Ct. 1941), where the plaintiff had waited eleven years before bringing a divorce action based on the spouse's alleged impotency, the Court had this to say:

"The question of delay in applying for relief has not been raised. However, I find the law to be that delay is not alone a ground for refusing relief. *B. v. M.*, 2 Rob. Ecc. 580; *T. v. D.*, L.R. 1 Prob. & Div. 127; *Castleden v. Castleden,* 9 H. of L. Cas. 186. Particularly where there is evidence to show that the delay on the part of the husband arose from ignorance and from a supposition that matters were as they should be. *Lewis v. Hayward,* 35 L.J.,N.S., Prob. & M. 105. However, in cases of great delay, after years of married life, unequivocal proof should be required." (Ibid. 2 Terry 272, 20 A.2d 143)

Revision of the Superior Court Rules of civil procedure in 1947, to become effective in 1948, resulted in the abolition of many of the common law forms of action. In accord with this action, the statute of limitations was amended in that same year so as to omit most of the references to common law forms of action. It was at this time that actions "based on a statute" were added to the list of causes included within the three-year statute of limitations.

Although a divorce action under our State Constitution is necessarily based upon statutory provisions, it is not the type of action to which the statute made reference. Laws concerning the family unit have always occupied a unique position and have usually been given a

specialized treatment. Considering the subject matter herein involved and the unique place that family law plays in relation to the basic unit of an ordered society, an important change in this law cannot be assumed without a clear indication that the General Assembly meant to enlarge the scope of the limitations provisions so as to include divorce statutes. It seems more likely that the general language of the new statute of limitations was employed in an attempt to ensure that all civil actions previously covered would continue to be covered.

There is substantial authority for the rule that a general statute of limitations does not apply to divorce actions. See *Tufts v. Tufts,* 8 Utah 142, 30 P. 309, 16 L.R.A. 482 (1892); 53 C.J.S. Limitations of Actions Sec. 103, at p. 1084 (1948); Schouler Divorce Manual, Warren Secs. 141, 142 (1944); but for a contrary view see *Zlindra v. Zlindra,* 252 Wis. 606, 32 N.W. 2d 656 (1948) and *Franzetti v. Franzetti,* 120 S.W. 2d 123 (Ct. Civ. App. Tex. 1938). Cases on each side of the question are collected in *Ridgley v. Ridgley,* 370 S.W.2d 679 (St. L.Ct. of Appeals, Mo. 1963).

In two recent cases courts have had occasion to indicate that other limitations exist in respect to the expansive language of the Delaware statute of limitations. In 1962, the Federal District Court for the District of Delaware concluded that the reference to an "action based on a statute" contained in the Delaware statute of limitations did not apply to the common law duty of a husband to support his wife and children even though such duty was restated in a statute. *Levine v. Levine,* 209 F. Supp. 564 (D. Del. 1962). In *Schleiff v. B. & O. R. Co.,* 36 Del. Ch. 342, 130 A.2d 321 (Ct. Ch. 1955), the statute of limitations was applied in an action where concurrent jurisdiction in the Court of Chancery and Superior Court was found to exist but it was recognized that the statute would not invariably find application.

I hold that 10 *Del. C.* Sec. 8106 finds no application in divorce actions.

Delay in bringing a divorce action is a defense which is to be considered by the Judge who tries the case in the light of all the

evidence presented and with a view to the "great lights and sound guides" developed by the ecclesiastical courts. An unreasonable delay may constitute a valid defense under the particular circumstances of a given case but the court is not bound by the arbitrary limitations contained in a general statute of limitations. Many cases taking this general approach are collected in 4 A.L.R.2d 1321 (1949).

Defendant's motion to dismiss is denied.