THOMAS B. BRUCE v. HARRIET B. BRUCE

No. 8510DC841

(Filed 4 March 1986)

**Divorce and Alimony § 13— divorce based on separation—statute of limitations inapplicable**

  The general residuary ten-year statute of limitations of N.C.G.S. 1-56 does
  not apply in an action for absolute divorce under N.C.G.S. 50-6 based on
  separation for one year.

APPEAL by defendant from *Redwine, Judge.* Judgment entered 19 April 1985 in District Court, WAKE County. Heard in the Court of Appeals 15 January 1986.

On 25 January 1985 plaintiff husband filed a complaint for absolute divorce based on one year's separation, G.S. 50-6, and for equitable distribution of the marital properties. Defendant wife filed an answer and asserted as an affirmative defense the statute of limitations as a bar to plaintiff's action for absolute divorce.

Plaintiff and defendant were married on 17 December 1939 and separated 6 April 1973. A period of eleven years and approximately nine months elapsed between the date of separation and the filing of the complaint for absolute divorce. During that time, plaintiff and defendant continuously lived separate and apart.

The trial judge granted plaintiff an absolute divorce and retained jurisdiction for purposes of equitable distribution under G.S. 50-20. Defendant appeals.

  *Manning, Fulton & Skinner, by John B. McMillan and Robert
S. Shields, Jr., and Carter W. Jones for plaintiff-appellee.*

  *Tharrington, Smith & Hargrove by J. Harold Tharrington
and Carlyn G. Poole for defendant-appellant.*

EAGLES, Judge.

The sole issue on appeal is whether the ten year statute of limitations, G.S. 1-56, applies in an action for absolute divorce under G.S. 50-6. The defendant contends that it does and therefore bars both the claim for absolute divorce and the claim for equitable distribution. We disagree.

Chapter 50 of our General Statutes governing divorce and alimony does not provide for a statute of limitations in an action for absolute divorce based on one year's separation. Nor is there a provision in the statutes of limitation, G.S. 1-14 through 1-56, expressly applicable to divorce actions. G.S. 50-6 requires that the husband and wife have lived separate and apart for one year, and that the plaintiff or defendant has resided in the State for a period of six months. However, these are jurisdictional requirements. *Henderson v. Henderson*, 232 N.C. 1, 59 S.E. 2d 227 (1950). The requirement that parties live separate and apart for one year applies to the year prior to institution of the suit. *Myers v. Myers*, 62 N.C. App. 291, 302 S.E. 2d 476 (1983). Likewise, the six months residency requirement means the six months next preceding commencement of the action. *Denson v. Denson*, 255 N.C. 703, 122 S.E. 2d 507 (1961).

Our research reveals no North Carolina case where an action for divorce has been barred by a statute of limitations. Based on *Garris v. Garris*, 188 N.C. 321, 124 S.E. 314 (1924) and *Fulp v. Fulp*, 264 N.C. 20, 140 S.E. 2d 708 (1965), defendant attempts to apply the ten year statute of limitations provided for in G.S. 1-56: "An action for relief not otherwise limited by this subchapter may not be commenced more than 10 years after the cause of action has accrued." We believe that both *Garris* and *Fulp* are distinguishable.

In *Garris, supra* at 324, 124 S.E. at 315, our Supreme Court said: "Under our statute of limitations there is no provision which in express terms bars a divorce, and if such an action is barred with us it would be by C.S. 445 [now G.S. 1-56], barring all actions not otherwise provided for in ten years." We do not interpret this to mandate application of the ten year statute of limitations in G.S. 1-56. The court in *Garris* went on to say: "In *O'Connor v. O'Connor*, 109 N.C. 139, it seems to have been held that in proper instances the section referred to is applicable to actions for divorce." *Id.* We have carefully reviewed *O'Connor*, 109 N.C. 139, 13 S.E. 887 (1891), and find it to be distinguishable from the instant case. In *O'Connor* plaintiff wife brought an action for divorce *a mensa et thoro* on the ground of personal violence. One allegation of violence involved an assault which occurred more than ten years before the action was commenced. However, the evidence showed that during the ten years following the assault the wife

continued to live with her husband. As to this allegation of violence the Court said:

> It is intimated, rather than suggested, that the assault made in 1878, on account of the wife's condition amounted to such cruel and barbarous treatment as to endanger her life, and that therefore the plaintiff may rightfully insist that she has brought the case within the meaning of sub-sec. 3, sec. 1286. [Now G.S. 50-7(3).] To this we answer, first, that it is not found by the jury that her life was endangered, and the judgment cannot be predicated upon that view in the absence of such a finding; second, that she had lived with her husband for ten years after that assault and before this action was brought. The court will not allow a separation for an offense so long ago condoned.

109 N.C. at 144, 13 S.E. at 888-89. We interpret this holding in *O'Connor* to mean that our court should not consider acts of violence more than ten years old when the facts show that such conduct has been condoned, for condonation is a defense to an action for divorce from bed and board. *Cushing v. Cushing*, 263 N.C. 181, 139 S.E. 2d 217 (1964). We do not read *O'Connor* to mean that the 10 year statute of limitations in G.S. 1-56 applies to actions for absolute divorce. *See Page v. Page*, 167 N.C. 346, 83 S.E. 625 (1914) (evidence of indignities of more than ten years earlier admitted, because it was a part of the whole course of dealings).

Defendant also relies on *Fulp v. Fulp, supra,* for the proposition that "statutes of limitation run as well between spouses as between strangers." 264 N.C. at 26, 140 S.E. 2d at 713. In *Fulp* plaintiff wife sued her husband seeking a resulting or constructive trust in land or in the alternative to recover money allegedly invested in improvements. Defendant husband pleaded the three year statute of limitations applicable to actions based on an implied contract or breach of an express trust. G.S. 1-52. Our Supreme Court in holding that the trial court properly dismissed plaintiff's action, approved the then minority position that statutes of limitation run between spouses. *Fulp* was not an action for divorce and we do not find its holding dispositive on the issue before us.

While North Carolina has not done so, other states have at one time enacted statutes which expressly limit the time within

which a suit for divorce on grounds other than separation must be brought. *Smedley v. Smedley,* 30 Ala. 714 (1857) (divorce on ground of adultery, suit must be brought within one year after discovery of the adulterous act); *Wickliff v. Wickliff,* 191 Ark. 411, 86 S.W. 2d 553 (1935) (statute requiring proof that ground for divorce occurred within five years next preceding commencement of suit); *Berkley v. Berkley,* 142 N.Y.S. 2d 273 (1955) (divorce must be denied if action not commenced within five years after discovery of the offense charged). However, in the absence of an expressly applicable statute of limitations, it has been broadly stated that statutes of limitation should not be strictly applied in divorce actions. 27A C.J.S. *Divorce* Section 88 (1959); Lee, *North Carolina Family Law* Section 49 (4th ed. 1979). In looking to other jurisdictions for guidance we find a conflict on the issue. Some states have held that their general or residuary statutes of limitation do not apply. *Johnson v. Johnson,* 50 Mich. 293, 15 N.W. 462 (1883); *Tufts v. Tufts,* 8 Utah 142, 30 P. 309 (1892); *Flynn v. Flynn,* 149 Ga. 693, 101 S.E. 806 (1920); *Kittle v. Kittle,* 86 W. Va. 46, 102 S.E. 799 (1920); *Doe v. Doe,* 59 Del. 105, 214 A. 2d 558 (1965). Other states have held to the contrary. *Zlindra v. Zlindra,* 252 Wis. 606, 32 N.W. 2d 656 (1948); *Franzetti v. Franzetti,* 120 S.W. 2d 123 (Tex. Ct. Civ. App. 1938). It should be noted however that even in states having expressly applicable statutes of limitation as well as in states applying their general residuary statutes of limitation, it has been held that a continuing offense is not time barred. *Wickliff, supra; Franzetti, supra.*

Separation, as a ground for divorce, is a type of continuing offense. It begins on the date the parties physically separate with the requisite intention that the separation remain permanent and the cause of action under G.S. 50-6 accrues at the end of one year. However, the cause of action continues to accrue even after the one year period so long as the parties remain "separate and apart" within the meaning of the statute. G.S. 50-6 looks only at the year immediately preceding the filing of the complaint. We quote with approval Professor Lee's analysis of the application of G.S. 1-56 to an action for divorce:

> [I]t would seem that in offenses of a continuing nature (such as separation and the grounds listed for divorce from bed and board in North Carolina) the statute of limitations is concerned not with the time of the beginning of the conduct, but

rather with the time after the doing of the act complained of; and, accordingly, if the conduct has continued to within ten years of the commencement of the action, the divorce proceeding would not be barred in North Carolina.

Lee, *supra* at Section 49.

Balancing the reasons for having statutes of limitation against our State's public policies of endeavoring to maintain the marital state on the one hand and not denying divorce to parties who have demonstrated a ground for divorce on the other hand, we conclude that our general, residuary statute of limitations, G.S. 1-56, should not be applied to actions for absolute divorce under G.S. 50-6.

"The primary purpose of a statute of limitations is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend." 51 Am. Jur. 2d *Limitation of Actions* Section 17 (1970). "In its immediate effect, a statute of limitations is, ordinarily, for the benefit of individuals rather than the securing of any general object of public policy." *Id.* at Section 18. Statutes of limitation have come into the law by legislation, not judicial process. They represent a public policy about the privilege to litigate. *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 89 L.Ed. 1628, 65 S.Ct. 1137, *reh'g denied*, 325 U.S. 896, 89 L.Ed. 2006, 65 S.Ct. 1561 (1945). "Statutes of limitation find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles. They are practical and pragmatic devices to spare the courts from litigation of stale claims. . . ." *Id.* at 314, 89 L.Ed. at 1635, 65 S.Ct. at 1142. They stimulate activity, punish negligence and promote repose by giving security and stability to human affairs. 51 Am. Jur. 2d at Section 18. However, this policy of repose is often outweighed "where the interests of justice require vindication of the plaintiff's rights." *Burnett v. New York Central Railroad Co.*, 380 U.S. 424, 428, 13 L.Ed. 2d 941, 945, 85 S.Ct. 1050, 1055 (1965).

The State is a party to every marriage, *Ritchie v. White*, 222 N.C. 450, 35 S.E. 2d 414 (1945), and is therefore deeply concerned with the integrity and permanence of the marital status of its citizens. For this reason the State has an interest in every divorce. Lee, *supra* at Section 41. While a divorce proceeding is a

civil action, it is unlike any other civil action because it is not an ordinary adversary proceeding. Even with defendant's acquiescence, the plaintiff is strictly held to compliance with every statutory requirement. Judgment by default is not permitted though recent legislation makes the provisions of G.S. 1A-1, Rule 56 applicable to absolute divorce actions pursuant to G.S. 50-6. 1985 N.C. Adv. Legis. Serv. C. 140. Ordinarily the facts that constitute a ground for divorce must be pleaded, proved and found true even though uncontested. Lee, *supra* at Section 41.

> In recent years there has been an increasing recognition that little is to be gained, and much harm may result, from a denial of divorce when the parties have reached the point where they are wholly discordant and no longer living together. "It is accordingly held that public policy does not discourage divorce where the relations between husband and wife are such that the legitimate objects of matrimony have been utterly destroyed. Indeed, the enactment of a statute authorizing divorces on specified grounds shows that it is not the public policy to uphold the marriage relation where there can be no doubt that one of the grounds for divorce exists and there is little or no possibility of forgiveness or reconciliation; on the contrary, the public policy is to grant divorces in such cases since this promotes good morals and is for the good of society." [Quoting from 24 Am. Jur. 2d 184 (1966).] This public policy finds itself expressed in the ground of one year's separation for absolute divorce in North Carolina. As a matter of fact, in North Carolina it need not be alleged or proved that reconciliation is hopeless.

> Under our existing law, the trial judge has no alternative but to grant the divorce if a ground for divorce is sufficiently established.

Lee, *supra* at Section 41.

To obtain a divorce pursuant to G.S. 50-6 all that is required is proof that the parties "have lived separate and apart for one year" and that one of the parties has lived in this State for six months next preceding institution of the suit. G.S. 50-6 is a "no-fault" statute. Recriminatory defenses are not applicable. Divorce is permitted irrespective of fault. Lee, *supra* at Section 71. G.S. 50-6 "is an indication of the state's policy, as exhibited by legisla-

tion, that if the parties 'have lived separate and apart for one year,' the marriage is no longer viable and is not worth saving." *Id.* In interpreting a statutory ground for divorce our Supreme Court has said: "And the Legislature having thus formally and clearly expressed its will, the Court is not at liberty to interpolate or superimpose conditions and limitations which the statute itself does not contain." *Cooke v. Cooke*, 164 N.C. 272, 275, 80 S.E. 178, 179 (1913).

For the reasons stated we affirm the trial court's granting an absolute divorce and retaining jurisdiction over the marital property for purposes of equitable distribution.

Affirm.

Judges MARTIN and COZORT concur.