Hall, Judge.
 

 — Before the act of 1814,
 
 (Rev. ch.
 
 869) applications for divorce could only he made to the Legislature ; and it was competent for them to divorce either from bed and board, or from the bonds of matrimony, at thoir discretion, without regard to the law as it then stood. But if jurisdiction had been transferred to the Courts on subjects of divorce, they must have decided according to the existing law.
 

 But the Legislature transferred full jurisdiction to the Courts in that year, in each case of impotency, or living in adultery, to divorce either from bed and board, or from the bonds of matrimony,
 
 at their discretion.
 
 As the law stood, all cases of living in adultery were treated in the same way ; but no doubt the. Legislature considered that extraordinary cases of this kind might occur, attended with such circumstances, that, sentence of separation from the bonds of matrimony would he both just and proper. The present case seems not to be one of that description, particularly when the circumstance is adverted to, that the Petitioner took the Defendant, back again after her first transgression. Indeed this circumstance has been the ground of some doubt, whether the prayer of the petition ought to be granted, but it has been overcome by considering that the third section of the act, which declares that “ in case the husband has admitted the wife into conjugal society, &c. after he knew of the criminal fact;, it shall be a perpetual bar,” to mean that it. shall he a bar to a divorce for that criminal fact, but not to one of a similar kind of which she may afterwards be guilty.
 

 
 *354
 
 From the facts set. forth in the record sent here, T see no reason why the judgment given in the Superior Court should be disturbed.
 

 Per Curiam.
 

 — Let the Decree be affirmed.