## MARTIN v. MARTIN.

(Filed March 4, 1902.)

1. DIVORCE—*A Mensa et Thoro—Complaint—Sufficiency.*

A complaint for divorce from bed and board that does not specifically state the circumstances of the alleged acts of cruelty, give time and place, and state plaintiff's conduct, and that such acts were without provocation, is not sufficient.

2. PLEADINGS—*Complaint—Defective—Aider by Verdict.*

A defective complaint can not be cured by verdict.

3. VERIFICATION—*Pleadings—Amendment—The Code, Secs. 258, 1286.*

A verification of a pleading, that it was "sworn and subscribed to," is not sufficient.

4. NEW TRIAL—*Supreme Court—Pleadings.*

Where an exception is made for the first time in the supreme court, that the complaint does not state facts sufficient to constitute a cause of action and the defects can be cured by additional averments, the supreme court will not dismiss the action, but will grant a new trial.

ACTION by Julia E. Martin against D. J. Martin, heard by Judge *Thos. A. McNeill* and a jury, at April Term, 1901, of the Superior Court of NORTHAMPTON County. From a judgment for the plaintiff, the defendant appealed.

MARTIN *v.* MARTIN.

*R. B. Peebles,* for the plaintiff.

*Winborne & Lawrence,* and *D. C. Barnes,* for the defendant.

CLARK, J.    The complaint sets out no ground for an absolute divorce, and is insufficient as a complaint for divorce from bed and board in that it does not specifically state the circumstances of the alleged acts of cruelty, give time and place, and state what was plaintiff's own conduct, and that such acts were without provocation on her part.    *O'Connor v. O'Connor,* 109 N. C., 139 ; *Jackson v. Jackson,* 105 N. C., 433 ; *White v. White,* 84 N. C., 340 ; *McQueen v. McQueen,* 82 N. C., 471.    And such defective complaint can not be cured by verdict.    *Ladd v. Ladd,* 121 N. C.,. 118 ; *White v. White, supra.*    The allegation of drunkenness was withdrawn on the trial.

The amendment was a nullity, because the only verification is "sworn and subscribed to."    This would be defective as a verification, under The Code, Sec. 258, to a pleading in an ordinary action, *Cole v. Boyd,* 125 N. C., 496 ; *a fortiori* this is so in an action for divorce, as to which the law, which does not favor divorce, required a still more specific affidavit. The Code, Sec. 1286.    The original complaint is thus verified, but is insufficient for reasons above stated.    The amendment is insufficient because not thus verified, and this requirement is not a matter of form, but substance, and a defect therein is jurisdictional.    This has been too recently decided to require discussion.    *Holloman v. Holloman,* 127 N. C., 15 ; *Nichols v. Nichols,* 128 N. C., 108.    The Court, however, will not dismiss, but will grant a new trial, that plaintiff may apply for leave to amend, if so advised.    *Ladd v. Ladd,* 121 N. C., 118.

New Trial.