FLORENCE V. DOWDY v. J. T. DOWDY.

(Filed 5 April, 1911.)

1. Appeal and Error—Verdict Set Aside—Discretion—Reason Given.
   Whatever may have been the reason given by the trial judge in setting aside a verdict, no appeal will lie when it actually appears that he had set it aside as a matter within his discretion.

2. Appeal and Error—Appeal Dismissed—Decision—Supreme Court's Discretion.
   Though an appeal be dismissed by the Supreme Court as premature, the Court may, in its discretion, consider the questions presented.

3. Divorce a Mensa—Abandonment—Cruel Treatment.
   Abandonment by the husband of his wife in an action by the latter for divorce may be proved by such acts of the husband as amount to cruel treatment sufficient to compel her to leave home.

---

DOWDY *v.* DOWDY.

---

**4. Same—Wife's Conduct—Burden of Proof.**

The wife in showing abandonment, by her husband's conduct in compelling her to leave home, in her action for divorce must also show that his cruel conduct was unwarrantable, and not the proximate cause of her own acts done at the time.

**5. Divorce a Mensa—Issues—Misconstruction—Wife's Conduct.**

In this action for divorce issues were submitted upon the question of the husband's abandonment and that of the indignities to the wife's person such as would render her condition intolerable, etc.: *Held*, a third issue, "Was the plaintiff a dutiful wife and without blame on her part?" was too broad, and open to misconstruction.

ALLEN, J., did not sit on the hearing of this case.

APPEAL from *W. R. Allen, J.,* at August Term, 1910, of CHATHAM.

Action for divorce from bed and board. These issues were submitted without objection:

1. Did the defendant abandon the plaintiff, as alleged? Answer: Yes.

2. Did the defendant offer such indignities to the person of the plaintiff as to render her condition intolerable and her life burdensome? Answer: Yes.

3. If so, was the plaintiff a dutiful wife and without blame on her part? Answer: No.

The plaintiff tendered judgment upon these issues and findings, which the court declined to sign. Plaintiff excepted and appealed.

*Hayes & Bynum for plaintiff.*
*H. A. London & Son for defendant.*

BROWN, J. The record states that the court declined judgment for plaintiff upon the ground that the plaintiff was not entitled thereto upon the findings to the issues. His Honor then set aside the verdict in the exercise of his discretion, but would not have done so if he had not been of opinion that the plaintiff was not entitled to judgment on the verdict.

The action of his Honor in setting aside the verdict in his

DOWDY *v.* DOWDY.

discretion and ordering a new trial is not affected by the reason given for it. Had he dismissed the action, holding that upon the issues plaintiff could not recover, an appeal would lie. But as no judgment was rendered, no appeal can be entertained. Clark's Code (3 Ed.), sec. 548, and cases cited; *Taylor v. Bostic,* 93 N. C., 415.

While the appeal must be dismissed as premature, in the exercise of our discretion, we will consider the question presented. *S. v. Wylde,* 110 N. C., 502; *Milling Co. v. Finlay,* 110 N. C., 411.

The complaint sets up various acts of cruelty and barbarity covering most of the period of time during which the plaintiff and defendant resided together. On 20 May, 1908, plaintiff avers that she was compelled to leave the home of the defendant because of such treatment. She also avers that she has been a true and faithful wife and gave her husband no just cause for such treatment, and in her amended complaint she sets out in detail the conduct of herself and her husband upon the occasions when the cruel and brutal treatment was inflicted upon her.

The answer denies each allegation of the complaint except the averment of marriage.

It has been repeatedly held that in an action for divorce from bed and board by the wife she must not only set out with some particularity the acts of cruelty upon the part of the husband, but she must aver, and consequently offer proof, that such acts were without adequate provocation upon her part. *Martin v. Martin,* 130 N. C., 28; *O'Connor v. O'Connor,* 109 N. C., 139; *Jackson v. Jackson,* 105 N. C., 433; *White v. White,* 84 N. C., 340.

It is not claimed in this case that the defendant departed from his home and abandoned the plaintiff, but the averment is that the wife was compelled to leave the defendant on account of his cruel treatment. While this is in law an abandonment by the husband (*High v. Bailey,* 107 N. C., 70), yet, as a ground for divorce, it is dependent upon the establishment of the acts of cruelty which it is averred compelled plaintiff to

leave her home, and of the further fact that such acts were not the consequence of any adequate provocation upon the plaintiff's part.

As has been said: "A wife is not entitled to a divorce by reason of the cruelty of her husband if she is a woman of bad temper and provokes his ill usage. Her remedy in such cases is by her changing her manners." Shel. Marriage and Divorce, 431; *White v. White,* 84 N. C., 343.

Upon the uniform precedents it would appear that plaintiff was not entitled to judgment in consequence of the response to the third issue.

As the case is to be tried again, we suggest that this issue is too general in its terms and open to misconstruction. His Honor had to explain to the jury that the question of the wife's moral delinquency was not involved, and that the words "without blame" did not imply that she had led a blameless life.

The matter at issue is, not as to whether the plaintiff is a good woman, or a good wife, but whether the acts of cruelty which she sets out in her complaint, and which she says compelled her to leave her husband, were brought about by the unwarranted conduct at the time of the plaintiff herself. *O'Connor v. O'Connor, supra; McQueen v. McQueen,* 82 N. C., 471; *Joyner v. Joyner,* 59 N. C., 322. In other words, the wife must show that she was not herself of such "contributory negligence" as was the "proximate cause of the injury."

The appeal is
Dismissed.