## M. C. CARNES v. CARRIE MAIE CARNES.

(Filed 10 May, 1933.)

**1. Divorce A e; D b: Appeal and Error E h—**

Only the party injured is entitled to divorce *a mensa et thoro,* C. S., 1660, and the pleadings must be accompanied by the jurisdictional affidavit, C. S., 1661, but the questions are not presented on this appeal, only the record proper having been sent up and the verdict not being assailed.

**2. Divorce E a—Wife is not entitled to alimony upon divorce a mensa where verdict establishes that she was at fault.**

In order for the wife to be entitled to alimony in her action for divorce from bed and board she must allege and prove her grounds for such divorce and that the acts complained of were without provocation on her part, and where the verdict of the jury establishes that both parties had offered such indignities to the person of the other as to render his or her condition intolerable and life burdensome, and judgment is entered granting each a divorce *a mensa et thoro,* the wife is not entitled to alimony as long as the verdict stands undisturbed, and the granting of alimony and counsel fees to her is error.

APPEAL by plaintiff from *Schenck, J.,* at November Term, 1932, of RICHMOND.

Civil action by husband for divorce *a vinculo* on ground of wife's alleged adultery. Denial by the wife and cross-action for divorce *a mensa et thoro* because of such alleged indignities as to render her condition intolerable and life burdensome. Reply by the husband denying allegations of the wife and setting up further action for divorce *a mensa et thoro* on grounds similar to those alleged by the wife.

The case was tried on the following issues:

"1. Were the plaintiff, M. C. Carnes, and the defendant, Carrie Maie Carnes, married as alleged? Answer: Yes.

"2. Have the plaintiff, M. C. Carnes, and the defendant, Carrie Maie Carnes, been residents of the State of North Carolina for two years next preceding the institution of this action? Answer: Yes.

"3. Did the defendant, Carrie Maie Carnes, commit adultery as alleged in the complaint? Answer: No.

"4. Did the plaintiff, M. C. Carnes, offer such indignities to the person of the defendant, Carrie Maie Carnes, as to render her condition intolerable and life burdensome, as alleged in the answer? Answer: Yes.

"5. Did the defendant, Carrie Maie Carnes, offer such indignities to the person of the plaintiff, M. C. Carnes, as to render his condition intolerable and life burdensome, as alleged in the reply? Answer: Yes."

Judgment on the verdict granting each a divorce *a mensa et thoro* and awarding the defendant alimony and counsel fees. The plaintiff appeals from that portion of the judgment which awards to the defendant alimony *pendente lite* and counsel fees.

*D. Emerson Scarborough for plaintiff.*
*Fred W. Bynum and Johnson & Johnson for defendant.*

STACY, C. J. Nothing but the record proper—summons, pleadings, verdict and judgment—has been sent up as the case on appeal. It contains none of the evidence or the charge of the court. Hence, the anomaly of the judgment granting a divorce *a mensa et thoro* to both parties at the same time, is not before us for consideration. Only the party injured is entitled to a divorce from bed and board under C. S., 1660. *Sanderson v. Sanderson,* 178 N. C., 339, 100 S. E., 590. See, also, *Reeves v. Reeves,* 203 N. C., 792. Evidently, the jury took the view that both parties had been injured.

It may be doubted whether the plaintiff's "reply" is sufficient to warrant a decree in his favor. *Martin v. Martin,* 130 N. C., 27, 40 S. E., 822. It is not accompanied by the jurisdictional affidavit as required by C. S., 1661. *Nichols v. Nichols,* 128 N. C., 108, 38 S. E., 296. But as stated above, nothing is questioned except the order granting the wife alimony *pendente lite* and counsel fees. The verdict is not assailed.

In an action by a wife against her husband for divorce from bed and board, she must not only set out with particularity the acts of cruelty on the part of the husband upon which she relies, but she is also required to aver, and consequently to prove, that such acts were without adequate provocation on her part. *Dowdy v. Dowdy,* 154 N. C., 556, 70 S. E., 917; *Martin v. Martin, supra; O'Connor v. O'Connor,* 109 N. C., 139, 13 S. E., 887; *Jackson v. Jackson,* 105 N. C., 433, 11 S. E., 173; *White v. White,* 84 N. C., 340.

As long as the fifth issue stands undisturbed, it would seem that the defendant is not entitled to the relief demanded by her, certainly not to allowance for alimony and counsel fees. *Dowdy v. Dowdy, supra.*

Error.