## MRS. ANNIE P. HOWELL v. C. S. HOWELL.

(Filed 14 April, 1943.)

**Divorce §§ 12, 13—**

In an action for alimony without divorce, C. S., 1667, as in an action for divorce *a mensa et thoro* by the wife, she must not only set out with some particularity the acts of cruelty upon the part of the husband, but she must aver, and consequently offer proof, that such acts were without adequate provocation on her part. The omission of such allegations is fatal and demurrer properly sustained.

APPEAL by defendant from *Thompson, J.,* at November Term, 1942, of WAKE.

This is an action instituted under section 1667, Consolidated Statutes of North Carolina, for alimony without divorce.

The complaint in this action was filed 16 October, 1929, and alleges that over a period of ten years the defendant, from time to time, had been guilty of misconduct with other women, but in each instance until the last one, she expressly pleads that she forgave the defendant of his wrongs.

It is alleged that on 21 March, 1929, the plaintiff intercepted a letter from a woman named in the complaint which confirmed the allegation that defendant had been carrying on a flirtation with said woman and paying her affectionate attention. However, adultery is not alleged.

The allegations relied on by the plaintiff are substantially as follows: That the defendant has constantly and continuously abused the plaintiff, has made mean and contemptible accusations against her, that he goes for long periods of time without speaking to plaintiff except the most necessary words; that he is neglectful and purposely snubs the plaintiff; that he accuses her of being shallow-brained and crazy; that he is a railroad man and spends only a portion of his time in the city, and while away from home he keeps his automobile under lock and key, thereby preventing plaintiff from driving same, and in many ways has endangered the health and comfort of the plaintiff; that the indignities offered to her person by his unjust accusations, his sarcastic remarks, his total lack of affection, his neglect and abuse, have offered such indignities to her person as to render her condition intolerable and her life burdensome.

Defendant demurs to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. Demurrer overruled, defendant appeals, assigning error.

*R. L. McMillan for plaintiff.*
*Douglass & Douglass for defendant.*

DENNY, J. In an action for alimony without divorce, as in an action for divorce *a mensa et thoro* by the wife, she must not only set out with some particularity the acts of cruelty upon the part of the husband, but she must aver, and consequently offer proof, that such acts were without adequate provocation upon her part. *Pollard v. Pollard,* 221 N. C., 46, 19 S. E. (2d), 1; *Carnes v. Carnes,* 204 N. C., 636, 169 S. E., 222; *Dowdy v. Dowdy,* 154 N. C., 556, 70 S. E., 719; *Martin v. Martin,* 130 N. C., 27, 40 S. E., 822; *O'Connor v. O'Connor,* 109 N. C., 139, 13 S. E., 887; *Jackson v. Jackson,* 105 N. C., 433, 11 S. E., 173; *White v. White,* 84 N. C., 340.

While the complaint does not set forth with particularity the language and conduct of the defendant upon which the plaintiff relies, as constituting such indignities to her person as to render her condition intolerable and her life burdensome, as required by numerous decisions of this Court, she further fails to allege that the acts of cruelty and misconduct on the part of her husband were without adequate provocation on her part. The omission of such allegation is fatal to her cause of action.

The demurrer should have been sustained.

Reversed.