ALTON K. PEARCE v. INEZ M. PEARCE.

(Filed 7 November, 1945.)

**1. Husband and Wife § 4b: Divorce § 2a—**

A separation agreement between husband and wife, providing for her support, is void and unenforceable when not in accordance with G. S., 52-12-13.

**2. Divorce § 5—**

A wife who seeks to assert a cause of action under G. S., 50-7 (4), must allege with particularity the language and conduct relied upon as constituting such indignities to her person as to render her condition intolerable and her life burdensome; and it is essential that there be an allegation that the same was without adequate provocation, its omission being fatal.

**3. Divorce §§ 2a, 8—**

In a cause of action couched in the language of G. S., 50-5 (4), plaintiff must prove his case *secundum allegata* by showing that the separation was voluntary in its inception. If the assent of the wife was obtained by fraud or deceit, the separation was not voluntary within the meaning of the act.

**4. Divorce § 5—**

In a suit for divorce by husband against wife under G. S., 50-5 (4), allegations by the wife, that her husband ordered her to leave home, which she did not do, but instead, bargaining with him for a contract of separation, reached an agreement, without averment of fraud or deceit, are insufficient as a defense.

APPEAL by plaintiff and defendant from *Bone, J.,* at March Term, 1945, of WAKE.

Civil action for divorce on the grounds of two years' separation by mutual agreement.

The complaint contains the usual necessary averments sufficient to state a cause of action for divorce under G. S., 50-5 (4).

The defendant answering, qualifiedly denies the allegation of separation by mutual consent and alleges by way of further defense and cross action:

(1) That plaintiff, on or about 19 August, 1942, ordered her to leave his home and then proposed an agreement for separation to which she assented; that a contract was executed; and that plaintiff now by this action is attempting to breach this contract; and

(2) That some time prior to 19 August, 1942, plaintiff became interested in another woman; that he ordered her to occupy a separate bedroom; that he "repeatedly insulted her by telling her that he did not want her and did not give a damn about her, and continued his cold,

indifferent conduct towards his wife, all of which indignities rendered her condition intolerable and her life burdensome." She then reasserts the agreement for separation and support.

On the first further defense and cross action she prays that the contract for support be incorporated in any decree of divorce which may be entered herein, and on the second she seeks a decree of divorce *a mensa* and alimony.

The agreement of separation is attached to her answer. It bears the signatures of two witnesses, but it was not executed and acknowledged as required by G. S., 52-12-13.

The plaintiff demurred to each further defense and cross action. The court below sustained the demurrer to the first further defense and the defendant excepted and appealed. . It overruled the demurrer to the second further defense and plaintiff excepted and appealed.

*Douglass & Douglass for plaintiff.*
*Thos. W. Ruffin for defendant.*

BARNHILL, J. It would seem to be apparent that a wife may not assert a separation agreement providing for her support as a defense to an action by the husband for divorce or have the agreement incorporated in the decree as a limitation upon the relief granted. G. S., 50-11. This we need not now decide, for the asserted agreement is void and unenforceable. G.. S., 52-12-13; *Smith v. Smith, ante,* 189; *Daughtry v. Daughtry, ante,* 358, and cases cited.

A wife who seeks to assert a cause of action under G. S., 50-7 (4), must allege with particularity the language and conduct relied upon as constituting such indignities to her person as to render her condition intolerable and her life burdensome. *Howell v. Howell,* 223 N. C., 62, 25 S. E. (2d), 169; *Pollard v. Pollard,* 221 N. C., 46, 19 S. E. (2d), 1.

Whether the language and conduct of plaintiff as alleged constitute "indignities to the person" of his wife might be the subject of debate, but conceding *arguendo* that such behavior is within the contemplation of the statute, there is still a material defect in defendant's attempted allegation of a cross action. At no time does she allege that plaintiff's conduct was without adequate provocation on her part. This averment is essential. Its omission is fatal. *Howell v. Howell, supra; Pollard v. Pollard, supra; Carnes v. Carnes,* 204 N. C., 636, 169 S. E., 222; *McManus v. McManus,* 191 N. C., 740, 133 S. E., 9; *Dowdy v. Dowdy,* 154 N. C., 556, 70 S. E., 917; *Martin v. Martin,* 130 N. C., 27; *O'Connor v. O'Connor,* 109 N. C., 139; *Jackson v. Jackson,* 105 N. C., 433; *White v. White,* 84 N. C., 340.

Plaintiff's cause of action is couched in the language of G. S., 50-5 (4). He must prove his case *secundum allegata* by showing that the separation was voluntary in its inception. *Taylor v. Taylor, ante,* 80; *Williams v. Williams,* 224 N. C., 91. If the assent of the wife was obtained by fraud or deceit, the separation was not voluntary within the meaning of the law.

But here again the allegations are insufficient to constitute a valid defense. Defendant does allege that plaintiff ordered her to leave his home, but she did not go. Instead she bargained with him for a contract of separation. There is no averment that her agreement was induced by fraud, deceit, or undue influence. Her husband merely "persuaded" her to execute the contract.

The court below erred in overruling the demurrer to the second further defense and cross action.

On plaintiff's appeal, reversed.

On defendant's appeal, affirmed.