GERTRUDE WATERS BROOKS v. CLAUDE M. BROOKS.

(Filed 1 May, 1946.)

**1. Divorce § 14—**

Where a complaint alleges certain acts of misconduct constituting bases for divorce, both absolute and from bed and board, with prayer for relief demanding subsistence for the plaintiff and the minor child of the marriage, and for such other relief as may be just and proper, without prayer for divorce, the cause is an action for alimony without divorce under G. S., 50-16.

**2. Same—**

In an action for alimony without divorce under G. S., 50-16, there is available to the wife not only the grounds specifically set forth in the statute, but also any ground that would constitute cause for divorce from bed and board under G. S., 50-7, or cause for absolute divorce under G. S., 50-5.

**3. Divorce § 5c—**

In an action for divorce from bed and board under G. S., 50-7, it is necessary that the complaint allege that any of the acts of misconduct constituting the basis of the action were without adequate provocation on the part of plaintiff.

**4. Divorce § 5b—**

In an action for absolute divorce on the ground of adultery it is not required that the complaint allege that the misconduct was without adequate provocation.

**5. Divorce § 14—**

Where, in an action for alimony without divorce under G. S., 50-16, the complaint alleges adultery and also sets forth acts of misconduct constituting a basis for divorce from bed and board, the failure of the complaint to allege that the misconduct was without adequate provocation is not fatal, since such allegation is not necessary in an action for absolute divorce on the ground of adultery, and this ground, independently, is sufficient to sustain the action for alimony without divorce.

**6. Divorce §§ 1c, 14—**

In an action for alimony without divorce the allegation of adultery forming a basis for the relief sought cannot be held fatally defective on the ground that it sets forth facts amounting to condonation when the complaint also alleges acts of misconduct committed by defendant after the reconciliation which revive the old grounds.

**7. Divorce § 12—**

The complaint in this action is held to state a cause of action for alimony without divorce under G. S., 50-16, and therefore was sufficient basis for the order allowing alimony *pendente lite.*

**8. Divorce § 14—**

In this action for alimony without divorce plaintiff set forth in the complaint that she had theretofore instituted an action for subsistence in which an order had been made, but that plaintiff secured the dismissal of this suit after defendant had begged forgiveness and promised to mend his ways. *Held:* The court was without jurisdiction to incorporate into the allowance granted plaintiff the amount supposedly due under the prior order, both because of the vagueness of the reference to the prior order in the complaint and also because of the fact that the prior action had been dismissed.

APPEAL by defendant from *Grady, Emergency Judge,* at September Term, 1945, of WAKE.

The plaintiff brought this case under G. S., 50-16, for alimony without divorce.

She complains that she and the defendant were married about twenty years before the commencement of the action, and that during that time and "throughout the married life of the plaintiff and the defendant the plaintiff has been a true, faithful and dutiful wife, and has done everything within her power to make her marriage to the defendant a success and to make their home a happy one."

Two daughters were born to the marriage, themselves now married to soldiers still in the service. The daughters were until recently inmates of the home of their father and mother. There is also a minor son.

During this time the plaintiff alleges that from a very modest beginning she had, by her own personal efforts and attention, largely contributed to the success of the defendant's business, which has been built up into an extensive enterprise, in which the defendant has become prosperous; that during the last sixteen years the defendant had become addicted to excessive drinking, gradually becoming more and more subject to intoxication, and drinking to excess on numerous occasions; that he had begun and gradually intensified his misconduct towards plaintiff, abusing her and his daughters, ordering the latter to leave his home; and openly declared that he intended to make things so hard for plaintiff

and make her life so miserable that she would be forced to leave her home.

That he has become more and more violent in his conduct to the plaintiff, on one occasion locking her up in the room and knocking her to the floor, seriously injuring her; and that plaintiff lay there until her daughters, hearing her screams, rushed down and broke open the locked door and found plaintiff prostrate on the floor.

The plaintiff further alleges in her complaint, partly on information and belief and partly of her own knowledge, that the defendant had on numerous occasions and with numerous women, been unfaithful to his marriage vows and has wasted and squandered large sums of money in his illicit association with lewd women. The plaintiff in particular names one Mrs. Alice Cox as a person with whom he had illicit relations, and particularizes the incidents relating thereto, some of which came under her observation. On one occasion plaintiff alleges that she and her daughters came upon the defendant in a parked car in a dark place on South McDowell Street with Mrs. Cox. At that time, she alleges, she asked the defendant to go home with her, but he elected to remain with Mrs. Cox. The plaintiff, unable to further tolerate or bear the misconduct of the defendant, instituted a suit against him for subsistence and support, in which an order was made, but that the defendant came to plaintiff, expressed his regret for his past misconduct, begged her to forgive him and promised not to mistreat her again, to stop his excessive drinking, and his illicit association with other women, and for that reason she secured the dismissal of the pending case.

Thereafter, the plaintiff found that the promises were insincere and fraudulent, and the defendant openly boasted that there was nothing she could now do to force him to support her. After this there were further indignities heaped upon the plaintiff; and the barbarous and cruel treatment of her at the hands of her husband, she alleges, have endangered her life, and avers that because of the violence and misconduct of the defendant, if she is left alone at his mercy her life will be in danger.

Wherefore, she petitions for the allowance of support *pendente lite* and for counsel fees in this proceeding.

The defendant denies the material allegations of the complaint, sets up condonation on the part of the plaintiff, and asks for dismissal of the suit. He further alleges that the plaintiff was addicted to the use of intoxicating liquors, and while under the influence of an intoxicant became angry with the defendant, in which she was encouraged by her two daughters; and attributes the domestic difficulties, such as they are, to this cause.

At a regular term of Wake County Superior Court the petition of the defendant for alimony *pendente lite* and counsel fees came on for a hear-

ing before Judge Grady in chambers. The plaintiff was heard upon affidavits, and the defendant presented no evidence.

Judge Grady made an order based upon the facts as they appeared to him, expressing the hope therein that a reconciliation between the two might be effected and that the domestic life of the two might be free from interference on the part of the daughters.

The order provides that the defendant pay into the office of the clerk of the court for the use and benefit of the plaintiff $40.00 on each Monday, beginning with 8 October, 1945, and that these payments continue until the order is modified by the court; that he pay to the clerk for the use and benefit of plaintiff's counsel the sum of $100.00. The order further provides that the defendant shall pay all sums due under the order of 2 October, 1944, which was referred to in plaintiff's complaint as having been made in the former proceeding, dismissed at the instance of the plaintiff.

From this order the defendant appealed, and subsequently filed with the court a grouping of exceptions and assignment of error, substantially as follows:

That the complaint does not state facts sufficient to constitute a cause of action; first, in that there are not sufficient grounds alleged to sustain a divorce from bed and board, and an order for the payment of alimony could not be based thereon; and that the complaint contains no allegation with respect to plaintiff's own conduct, which omission it is contended rendered the complaint fatally defective; second, that the court found as a fact that the conduct of defendant had been condoned by plaintiff "with the exception of certain things which have occurred rather recently," whereas there is no allegation of those things "occurring rather recently"; and third, that there is no allegation in the complaint upon which the order for payment of sums due under "the order of October 2, 1944," could be based.

*Burgess & Baker and Thomas W. Ruffin for plaintiff, appellee.*
*Douglass & Douglass for defendant, appellant.*

SEAWELL, J. The appeal challenges the validity of the order allowing to the plaintiff support and counsel fees *pendente lite*. Objection is advanced on the theory that the action is brought under and based entirely on G. S., 50-7 (4)—a subsection of the statute relating to divorce from bed and board, which names as one of the grounds for such divorce "such indignities to the person of the other as to render his or her condition intolerable and life burdensome." It is pointed out as a fatal defect in the pleading that plaintiff does not, in particularizing the acts or misconduct of the defendant said to have had that effect further allege

that the conduct was without adequate provocation on her part, *ergo* fails to state a cause of action. If plaintiff's action, or rather her grounds for relief, can be put into that category, ignoring all other available statutory grounds for relief, the established standards of pleading and practice, as found in our decisions, might support appellant's view. *McManus v. McManus,* 191 N. C., 740, 133 S. E., 9; *Pearce v. Pearce,* 225 N. C., 572, 35 S. E. (2d), 636; *Howell v. Howell,* 223 N. C., 62, 25 S. E. (2d), 169; *Pollard v. Pollard,* 221 N. C., 46, 19 S. E. (2d), 1; *Carnes v. Carnes,* 204 N. C., 636, 169 S. E., 222; *O'Connor v. O'Connor,* 109 N. C., 139, 13 S. E., 887; *Jackson v. Jackson,* 105 N. C., 433, 11 S. E., 173. But we do not concede that the major premise is sound: The statute, G. S., 50-16, relating to alimony without divorce, and plaintiff's pleading of the grounds therein recognized as cause for the relief sought are both broader than that assumption implies.

Since the plaintiff does not ask for divorce, but merely adds to the prayer a request for "such other and further relief as might appear just and proper," the court will refer the proceeding to G. S., 50-16, as an action for alimony without divorce, as was no doubt intended. We quote the pertinent part of that action, italicizing the phrase which appellant's counsel contend ties in the proceeding with an action for divorce *a mensa* under G. S., 50-7, and especially with subsection 4 of that law as above stated:

"If any husband shall separate himself from his wife and fail to provide her and the children of the marriage with the necessary subsistence according to his means and condition in life, or if he shall be a drunkard or spendthrift, *or be guilty of any misconduct or acts that would be or constitute cause for divorce, either absolute or from bed and board,* the wife may institute an action in the superior court of the county in which the cause of action arose to have a reasonable subsistence and counsel fees allotted and paid or secured to her from the estate or earnings of her husband."

It will appear, then, that there is available to the wife in an action for alimony without divorce not only the grounds independently stated in the quoted statute, but, by inclusive reference, any ground that would constitute cause of divorce, either absolute or from bed and board.

In lodging his objection appellant might have said, with strict accuracy, that the rule suggested has been applied to most of the other grounds for divorce *a mensa* named in the statute with the practical effect that the grounds borrowed from the statute relating to divorce from bed and board cannot be successfully asserted without the corresponding denial of adequate provocation; even extending to abandonment, which imports *willfullness,* and *maliciously* turning the spouse out of doors, and *cruel* and *barbarous* treatment endangering life; as to all of which the

BROOKS *v.* BROOKS.

excuse of "adequate provocation" is somewhat remote. *McManus v. McManus, supra;* McIntosh, Civil Procedure, p. 407.

Referring more especially to subsection 4, relating to indignities to the person, the origin and propriety of requiring allegation and proof that there was no adequate provocation rests in the difficulty of defining more precisely the acts which might come under condemnation of the law, coupled with the deference traditionally shown to the necessity of mutual forbearance in the marital venture. In a measure, the device controls the extent to which the law is willing to invade that field with judicial remedies, resulting in separation. For extension of the rule to other more specifically defined conduct, we must refer to the history, rather than the logic, of the law. But there are less relative acts of the husband upon which alimony without divorce may be granted, stated as violations of positive requirements which, as we view them in the light of the decided cases, do not suggest the necessity of applying the principle of domestic balances. It is not necessary to couple the allegation of such misconduct with a denial of provocation. Such, at least, is adultery. The statute also mentions independently as grounds for alimony that the husband is a spendthrift or a drunkard; and there is a substantial difference between G. S., 50-16, and G. S., 50-7 (5), in phraseology and implication as to drunkenness.

The complaint is somewhat informal, and the incidents alleged as grounds for relief mainly fall under G. S., 50-7 (4), as indignities to the person, or other subsections of the statute relating to divorce from bed and board; and many of these allegations are defective, as contended for by the appellant, in failing to comply with the above mentioned rule; but not all of the allegations of the complaint are affected with this invalidity. In alleging that the defendant had illicit relations with numerous lewd women, and especially with Alice Cox, there is a sufficient charge of adultery. The complaint also charges that he has become addicted to drunkenness, and that he has wasted large sums of money upon the subjects of his amours. We refrain from pushing through the mill of definition the terms used in the statute—"drunkard" and "spendthrift"—and comparing them with the allegations of the complaint, and we make no decision with respect to them. However, upon the analysis we have given, we are of opinion that the complaint does state a cause of action, and so hold. The practical result of its partial invalidity would be that the plaintiff on the trial, and upon timely objection, cannot, without amendment, rely on the causes of action pointed out, which have been heretofore held by numerous decisions of this Court to be fatally defective.

The question of condonation cannot be determined adversely to the complaint as a matter of law, since there is sufficient allegation of con-

duct which might revive the old grounds for relief, whatever they are. *Lassiter v. Lassiter,* 92 N. C., 130; *Jones v. Jones,* 173 N. C., 279, 91 S. E., 960; *Page v. Page,* 167 N. C., 346, 347, 83 S. E., 625; *Gordon v. Gordon,* 88 N. C., 45; *Collier v. Collier,* 16 N. C., 352.

We conclude that the order for alimony and counsel fees *pendente lite,* having been made in a valid proceeding, is valid and binding upon the defendant; subject, however, to the modification hereinafter made.

We are of opinion that the order of the judge requiring the defendant to pay sums supposed to be due under the previous order dated 2 October, 1944, in the action previously dismissed, was, inadvertently we are sure, beyond his jurisdiction, both because of the vagueness of the reference in the complaint and because of the dismissal of that action before final judgment.

As thus modified, the judgment is affirmed.

Modified and affirmed.