MRS. INEZ BEST v. HENRY BEST.

(Filed 8 October, 1947.)

**1. Divorce § 14—**

An action for alimony without divorce, G. S., 50-16, lies in favor of the wife if the husband (1) shall separate himself from his wife and fail to provide her and the children of the marriage with necessary subsistence or (2) if he shall be a drunkard or spendthrift or (3) if he be guilty of misconduct or acts which would be grounds for divorce either absolute or from bed and board.

**2. Divorce § 5d—**

Allegations in a complaint that defendant had been a habitual drunkard during the prior three years is sufficient to state a cause of action for alimony without divorce under the term "shall be a drunkard" within the meaning of G. S., 50-16, and is also sufficient to state a cause of action for divorce from bed and board under G. S., 50-7 (5).

**3. Same—**

Where the complaint in an action for alimony without divorce sufficiently alleges a cause of action on the ground that defendant is a drunkard, the fact that the causes alleged on the grounds of cruelty and intolerable treatment, G. S., 50-7 (3) (4), are fatally defective in failing to allege with sufficient particularity the circumstances and that defendant's acts were without adequate provocation on her part, is not ground for demurrer, the result being only that plaintiff may not rely upon the defective causes without amendment in the face of timely objection by defendant.

BEST *v.* BEST.

#### 4. Divorce § 12—

> The amount of allowance for reasonable subsistence and counsel fees *pendente lite* in an action for alimony without divorce, G. S., 50-16, is within the sound discretion of the judge hearing the motion and having jurisdiction thereof.

APPEAL by defendant from *Edmundson, Special Judge,* presiding at April Term, 1947, of JOHNSTON.

Civil action for alimony without divorce, heard upon motion of plaintiff for an allowance for subsistence, pending trial and final determination of the issues involved in the action, and for counsel fees. G. S., 50-16, formerly C. S., 1667, as amended.

Plaintiff alleges in her complaint, briefly stated, these pertinent facts: That plaintiff and defendant are both residents of Johnston County, North Carolina, "living and residing in said county, near the town of Princeton"; that they "were married in the year 1915, and have subsequently lived together as husband and wife"; that they have four children, two of whom are minors; that "plaintiff at all times since her marriage to the defendant has been a faithful and dutiful wife and has contributed her time and energies in attempting to establish a home for herself and family, and has done all possible to help her husband maintain a home and prosper financially"; that defendant "for a number of years has been addicted to the use of whiskey and other alcoholic beverages and during the last three years, he has been an habitual drunkard," and "when under the influence of whiskey, which has been on numerous occasions and almost continually, he has been abusive to the plaintiff, offering her such violence that her life has become intolerable and her condition in the home burdensome and she is unable to live with him and she has been made to fear for her life and safety to such an extent that she can no longer live with the defendant in safety; that he has on more than one occasion threatened her life"; "that on or about 7 October, 1946, the defendant violently assaulted this affiant, breaking her nose, and otherwise seriously and permanently injuring her"; that "in the month of February, 1947, the defendant again assaulted the plaintiff by striking her with his hand"; "that on March 20, 1947, the defendant while in a drunken condition, cursed, threatened and abused the plaintiff and destroyed and damaged certain property in her home"; "that on account of the things and matters before alleged the plaintiff's condition in life has been made miserable and burdensome, and she stands in great fear of the defendant and she can no longer live and reside with him without serious injury to her health, body and mind"; and "that the plaintiff is without means of support, has no money with which to support herself or to enable counsel to prosecute this action, and she is dependent for support upon the estate, real and personal, of her husband."

Plaintiff alleges other matters pertaining to property owned by the defendant.

Plaintiff also by amendment to her complaint alleges in brief that as result of the assault on her about 7 October, 1946, she incurred expense of $67.50 for medical treatment; and that she is in need of an operation which the defendant failed and refused to pay for or permit plaintiff to undergo while they were residing together as husband and wife.

Upon these allegations plaintiff prays for a subsistence for herself and her minor children; that a home be sequestered and set aside for her use and for the use of her minor children; for counsel fees; for an injunction restraining the defendant from waste of the estate; and for reimbursement for the medical expense, and provision for the operation.

The defendant, answering, admits the marriage, but in material aspects denies the charges made against him by plaintiff, and avers that the plaintiff is not without fault in various particulars, and on the hearing below offered affidavits tending to support his averments.

The record discloses that on the hearing before the judge of the Superior Court evidence was offered by affidavit and by oral testimony.

From judgment providing for subsistence and counsel fees pending the trial of the action, defendant appeals to Supreme Court and assigns error.

*Abell, Shepard & Wood for plaintiff, appellee.*
*Lyon & Lyon for defendant, appellant.*

And in this Court defendant demurs *ore tenus* to the complaint for that:

1. The complaint does not state facts sufficient to constitute a cause of action against the defendant, in that:

(a) The plaintiff has failed to set forth in detail and minuteness the circumstances of the alleged acts of cruelty on the part of the defendant; and 'for that 'the alleged acts upon which the plaintiff seeks to obtain alimony without divorce are set forth in general terms and not specifically stated with particularity.

(b) In that the plaintiff has failed to aver that the alleged acts of cruelty on the part of defendant were without adequate provocation on her part, and to state what her conduct was at the time of the alleged assaults.

(c) In that the plaintiff does not aver that her conduct did not contribute to the wrongs and abuses of which she complains, as is required by law.

2. The court did not acquire jurisdiction of the defendant, and of the appellee's alleged cause of action, for that no complaint, valid and sufficient in law, has been filed by the plaintiff.

WINBORNE, J.   The demurrer *ore tenus* entered in this Court challenges the sufficiency of the allegations in the complaint, in the respects above indicated, to state a cause of action for alimony without divorce under the provisions of G. S., 50-16, formerly C. S., 1667, as amended. Hence, it is appropriate to consider first the question thus raised. After doing so, we are of opinion and hold that the complaint is sufficient to withstand the challenge.

The statute, G. S., 50-16, provides that the wife may institute an action in the Superior Court of the county in which the cause of action arose to have a reasonable subsistence and counsel fees allotted and paid or secured to her from the estate or earnings of her husband, pending the trial and after final determination of the issues involved in such action, in these cases: (1) If the husband shall separate himself from his wife and fail to provide her and the children of the marriage with the necessary subsistence according to his means and condition in life; or (2) if he shall be a drunkard or spendthrift; or (3) if he be guilty of any misconduct or acts that would be or constitute cause for divorce, either absolute or from bed and board.

Applying these provisions of the statute: The present complaint does not purport to state a cause of action for separation and failure to support; nor does it allege any ground for absolute divorce. It does contain allegation that "during the last three years" defendant "has been an habitual drunkard." This allegation would seem to be broad enough to include the term "shall be a drunkard," appearing in the statute, G. S., 50-16, and sufficient to state a cause of action in that respect. Moreover, it would seem sufficient to state a cause of action within the meaning of the statute prescribing as ground for divorce from bed and board, G. S., 50-7 (5), that if either party "becomes an habitual drunkard."

When a wife bases her action for alimony without divorce upon the grounds that her husband has been guilty of cruel treatment of her and of offering indignities to her person within the meaning of the statute pertaining to divorce from bed and board, G. S., 50-7 (3) and (4), she "must meet the requisite" of this statute, *Pollard v. Pollard,* 221 N. C., 46, 19 S. E. (2d), 1, and not only set out with particularity the acts on the part of her husband and upon which she relies, but she is also required to allege, and consequently to prove, that such acts were without adequate provocation on her part.   *White v. White,* 84 N. C., 340; *Jackson v. Jackson,* 105 N. C., 433, 11 S. E., 173; *O'Connor v. O'Connor,* 109 N. C., 139, 13 S. E., 887; *Ladd v. Ladd,* 121 N. C., 118, 28 S. E.,

190; *Martin v. Martin,* 130 N. C., 27, 40 S. E., 822; *Green v. Green,* 131 N. C., 533, 42 S. E., 954; *Dowdy v. Dowdy,* 154 N. C., 556, 70 S. E., 917; *Carnes v. Carnes,* 204 N. C., 636, 169 S. E., 222; *Pollard v. Pollard, supra; Howell v. Howell,* 223 N. C., 62, 25 S. E. (2d), 169; *Pearce v. Pearce,* 225 N. C., 571, 35 S. E. (2d), 636; *Brooks v. Brooks,* 226 N. C., 280, 37 S. E. (2d), 909.

In the case of *O'Connor v. O'Connor, supra,* opinion by *Avery, J.,* this Court stated: "But when the wife demands only a divorce *a mensa et thoro,* on the ground that the husband, by personal violence, has made her life intolerable and her condition burdensome, she must state specifically in her complaint, what, if anything, was said or done by her just before or at the time her husband struck her, or threatened her, or charged her with incontinency; or she must, in some way, negative, by explicitly setting forth what her conduct was, the idea that any act or word on her part was calculated to arouse sudden passion on the part of the husband, or put him on the defensive." Cases in approval of the principle are there cited.

In *Martin v. Martin, supra, Clark, J.,* writing for the Court, it is held that "The complaint . . . is insufficient as a complaint for divorce from bed and board, in that it does not specifically state the circumstances of the alleged acts of cruelty, give time and place, and state what was plaintiff's own conduct, and that such acts were without provocation on her part."

In *Howell v. Howell, supra,* this headnote epitomizes the ruling of this Court in opinion by *Denny, J.,* "In an action for alimony without divorce, C. S., 1667 (now G. S., 50-16), as in an action for divorce *a mensa et thoro* by the wife, she must not only set out with some particularity the acts of cruelty upon the part of the husband, but she must aver, and consequently offer proof, that such acts were without adequate provocation on her part. The omission of such allegation is fatal . . ." To like effect is *Pearce v. Pearce, supra,* opinion by *Barnhill, J.*

And the case of *Brooks v. Brooks, supra,* is strikingly similar to the one in hand. There as here the complaint alleged sufficiently other grounds for divorce, independently of those of cruelty and indignities,— it being contended that the latter were insufficiently pleaded, and hence the complaint failed to state a cause of action. After saying that "ignoring all other available statutory grounds for relief, the established standards of pleading and practice, as found in our decisions, might support appellant's view," and holding that on other ground the complaint does state a cause of action, *Seawell, J.,* writing for the Court, disposes of the contention in this manner: "The practical result of its partial invalidity would be that the plaintiff on the trial, and upon timely objection, cannot, without amendment, rely on the causes of action pointed out, which

have been heretofore held by numerous decisions of this Court to be fatally defective." This exposition of the law as to the practical effect of the partial insufficiency of the complaint there is applicable to the partial insufficiency of the complaint here.

Defendant also excepts to the several portions, and to the signing of the judgment in which allowance and provision for subsistence, and the payment of counsel fees, pending the trial, is made. In this connection the statute, G. S., 50-16, provides that pending the trial of an action for alimony without divorce the wife may make application to the resident judge of the Superior Court, or the judge holding the Superior Courts of the district in which the action is brought, for an allowance for such subsistence and counsel fees, and that it shall be lawful for the judge to cause the husband to secure so much of his estate or to pay so much of his earnings, or both, as may be proper, according to his condition and circumstances, for the benefit of his said wife and the children of the marriage, having regard also to the separate estate of the wife. In applying these provisions of the statute this Court has uniformly held that the amount allowed to the wife for the reasonable subsistence and for counsel fees in her proceeding against her husband is within the sound discretion of the judge hearing the same and having jurisdiction thereof. *Cram v. Cram,* 116 N. C., 288, 21 S. E., 197; *Anderson v. Anderson,* 183 N. C., 139, 110 S. E., 863; *Holloway v. Holloway,* 214 N. C., 662, 200 S. E., 436; *Wright v. Wright,* 216 N. C., 693, 6 S. E. (2d), 555.

In the *Wright case, supra, Barnhill, J.,* goes into full discussion of the subject. Hence, such recent elaboration on the subject renders further treatment of it now unnecessary. While defendant strenuously argues that the effect of the judgment below amounts to a premature administration upon his estate, we fail to find in the record abuse of that discretion vested by law in the judge who heard the matter. At any rate, if perchance plaintiff should prevail in final determination of the action, the judge before whom the action is then pending may take into consideration these allowances, in making further allowances, as may be proper, according to the husband's condition and circumstances, having due regard also to the separate estate, if any, of the wife.

The judgment below is

Affirmed.