### EDNA MAE BARKER v. JAMES G. BARKER.

(Filed 11 October, 1950.)

**Divorce and Alimony § 5d—**

> In an action for alimony without divorce, G.S. 50-16, on the ground of mistreatment constituting constructive abandonment, the absence of an allegation that defendant's misconduct was without adequate provocation, is fatal, and judgment in plaintiff's favor will be set aside on appeal, and the cause remanded for dismissal unless plaintiff moves in apt time to amend.   G.S. 1-131.

APPEAL by defendant from *Crisp, Special Judge,* June Term, 1950, of WILKES.

*Whicker & Whicker and Trivette, Holshouser & Mitchell for plaintiff, appellee.*

*Bowie & Bowie and W. H. McElwee for defendant, appellant.*

DEVIN, J.   This was a suit for alimony without divorce under G.S. 50-16.   The plaintiff alleged as the basis of her suit that the defendant had neglected and mistreated her, and had abused and assaulted her, had threatened her life and driven her from home, and "by his conduct has made her burdens unbearable and life intolerable."   In this Court the defendant demurred *ore tenus* on the ground that the complaint did not state facts sufficient to constitute a cause of action for that nowhere in the complaint did the plaintiff allege that the indignities offered to her person or his conduct in causing her to leave home were without adequate provocation on her part.

An examination of the complaint shows that this material averment was not incorporated in the complaint.   It has been repeatedly held by this Court that this averment, in connection with allegations such as are contained in the plaintiff's complaint as ground for relief, is essential and its omission fatal to the plaintiff's cause of action.   *Best v. Best,* 228 N.C. 9, 44 S.E. 2d 214; *Lawrence v. Lawrence,* 226 N.C. 624, 39 S.E. 2d 807; *Pearce v. Pearce,* 225 N.C. 571, 35 S.E. 2d 636; *Howell v. Howell,* 223 N.C. 62, 25 S.E. 2d 169; *Pollard v. Pollard,* 221 N.C. 46; 19 S.E. 2d 1; *Carnes v. Carnes,* 204 N.C. 636, 169 S.E. 222; *Garsed v. Garsed,* 170 N.C. 672, 87 S.E. 45.

In accord with the established rule and on authority of the cases cited the demurrer to the complaint is sustained.   The judgment below predicated upon the complaint must be held for error (*Tucker v. Baker,* 86 N.C. 1).   The action is remanded to the Superior Court of Wilkes County with instruction that same be dismissed unless within apt time

the plaintiff moves for leave to amend under G.S. 1-131. *White v. Charlotte,* 207 N.C. 721, 178 S.E. 219; *Watson v. Lee County,* 224 N.C. 508 (513), 31 S.E. 2d 535.

Reversed.