DOROTHY DAVIS ALLEN v. ROBERT C. ALLEN.

(Filed 19 September, 1956.)

**1. Divorce and Alimony §§ 5d, 8d—Allegations and evidence held sufficient as to ground for alimony without divorce.**

Plaintiff's allegations and evidence were to the effect that defendant became involved in love affairs with other women and the parties separated, that upon defendant's entreaties and promises to remain faithful, there was a reconciliation, but that for several months prior to the institution of the action defendant had absented himself from home and remained away for long periods of time in the company of women, returning at late hours with his shirt smeared with lipstick, that he had announced to plaintiff that he was dissatisfied with their marriage, that he was cold and indifferent to his wife and children and planned to leave them, etc., *are held* sufficient to make out a cause of action for alimony without divorce on the ground that defendant had offered such indignities to the person of plaintiff as to render her condition intolerable and her life burdensome, *the failure on the part of the defendant to live up to his promises* made as an inducement to the reconciliation having the effect of reviving his former offenses.

**2. Same—**

Allegations to the effect that defendant's acts were without provocation, with plaintiff's testimony that she had tried to be a wife to her husband and a mother to her children, and that her husband never found fault with her or blamed or criticized her conduct, together with evidence of her good character, *are held* sufficient on the issue of whether defendant's acts of misconduct were without provocation on the part of plaintiff.

**3. Appeal and Error § 23—**

An assignment of error that the court erred in admitting testimony as shown by the numbered exception, with reference to the page of the record on which the exception is noted, is insufficient, since the assignment of error should clearly point out the error relied on and not compel the Court to go beyond the assignment itself to learn what the question is.

**4. Appeal and Error § 21a—**

An assignment of error to the court's ruling on motion to nonsuit is sufficient if it refers to the motion, the ruling thereon, the number of the exception and the page of the record where found, and an attempt to summarize the evidence in the assignment of error is not advised.

**5. Appeal and Error § 42—**

> Assignments of error to designated portions of the charge will not be sustained when the charge read contextually is free of prejudicial error.

**6. Divorce and Alimony §§ 5d, 8d—**

> The State and society and the children of the marriage have an interest in the marriage *status*, and the requirement that the complaining party allege and prove lack of provocation is salutary and will be enforced in order that the Court have opportunity to see that the assistance of the law in breaking up the family is used for the benefit of the injured party only.

JOHNSON, J., not sitting.

APPEAL by defendant from *Froneberger, J.,* April, 1956 Term, BUNCOMBE Superior Court.

This is a civil action for alimony without divorce instituted in the General County Court of Buncombe County upon allegations that the defendant had offered such indignities to the person of the plaintiff as to render her condition intolerable and her life burdensome. Specifically, she alleged about four years prior to the institution of the action the defendant became involved in love affairs with other women and that his cold and indifferent attitude to the plaintiff caused a separation. "Plaintiff finally agreed to resume the marital relationship and did so after defendant's repeated entreaties and promises to the plaintiff that he would be faithful to her and would not again be guilty of misconduct."

Paragraph 4 of the complaint alleged: "That for several months prior to the institution of this action, the defendant has absented himself from home, has remained away for long periods of time in the company of other women, even though he knew that plaintiff could not be at home with the children because of her employment, and even though he knew that the children had to be cared for by plaintiff's mother in her absence; that defendant has openly flaunted his conduct before this plaintiff over the past several months by remaining away from home in the company of other women and returning at late hours with his shirt smeared with lipstick, and has refused to offer an explanation or account for his conduct, even though he has, for the past several weeks, taken no meals at his home but has spent his entire time away from his wife and children."

Paragraph 5 in part alleged: "That shortly prior to the institution of this action, the defendant announced to plaintiff that he was dissatisfied with his marriage and that he intended to abandon this plaintiff and the minor children of said marriage and has stated to plaintiff that he intends to leave the State of North Carolina, giving up his present occupation and employment; that he has failed and refused to give any explanation of his dissatisfaction. . . ."

The defendant by answer admitted the allegations of residence, marriage, and employment. He denied all other allegations.

At the trial the plaintiff testified that on one occasion she and a neighbor went to an apartment in Asheville about 8:30 at night, rang the doorbell and in about five minutes a Miss H., who occupied the apartment, came to the door dressed in a housecoat and without shoes, and about five minutes later the defendant came out of another room in the apartment.

"I am not living with Mr. Allen now. We separated on February 26th. Immediately before we separated, Mr. Allen told me that he wasn't satisfied at home and that he was leaving me. He just told me that he wasn't satisfied and that he didn't love me and that he was leaving me. He said he was leaving North Carolina and going to Knoxville. . . . He didn't give any other reason." . . . "For some months prior to this separation, he was not at home very much. He would come in around 11 o'clock at night and would leave sometimes even before breakfast the next morning and I wouldn't see him all day. For the month prior to our separation he didn't come home for any lunch or dinner meals. He wouldn't hardly talk with the children. The children would speak and holler at him 'good-bye' as he went out the door and he usually left without even saying 'good-bye' to them. He didn't spend much time there." . . . "When he came in he did not say anything to me during that time. I saw lipstick on his person several times during the month before he left home. I did not have anything to do with putting it on him, and when I asked him where he got it, he said he didn't know." . . . "I tried to be a wife to my husband and a mother to my children."

There was other evidence of the same import; also testimony of the plaintiff's good character. At the close of the plaintiff's evidence the defendant moved for nonsuit and excepted when the court overruled the motion. The following issues were submitted to the jury and answered as indicated:

"1. Has the defendant offered such indignities to the person of the plaintiff as to render her condition intolerable and her life burdensome, as alleged in the complaint?

"Answer: Yes.

"2. Was such conduct on the part of the defendant brought about by any act or deed or provocation on the part of the plaintiff?

Answer: No."

From a judgment awarding the plaintiff alimony and counsel fees, the defendant appealed to the Superior Court of Buncombe County. Judge Froneberger of the Superior Court heard and overruled all assignments

of error and affirmed the judgment of the General County Court. The defendant duly excepted and appealed, assigning errors.

*Ward & Bennett for plaintiff, appellee.*
*McLean, Gudger, Elmore & Martin*
*By: Harry C. Martin, for defendant, appellant.*

HIGGINS, J.    The defendant demurred *ore tenus* in this Court for that the complaint failed properly to allege (1) sufficient acts and conduct on the part of the defendant to entitle the plaintiff to the relief demanded; and (2) that such acts were without adequate provocation on her part.   He cites as authority *Ollis v. Ollis,* 241 N.C. 709, 86 S.E. 2d 420; *Best v. Best,* 228 N.C. 9, 44 S.E. 2d 214; *Lawrence v. Lawrence,* 226 N.C. 624, 39 S.E. 2d 807; *Pollard v. Pollard,* 221 N.C. 46, 19 S.E. 2d 1.

In the *Ollis case* the plaintiff alleged her husband's abusive and violent treatment put her in fear for her safety and made it necessary for her to leave him.   This Court held the complaint defective in that it alleged only the plaintiff's conclusions.   It failed to set out the particular acts of abuse and violence, of which she complained, so that the Court could determine whether they were sufficient to support her conclusions.

The complaint in the *Best case* contained, among others, the allegation the defendant had become an habitual drunkard.   That allegation, in itself, constituted a ground for divorce from bed and board, G.S. 50-7(5), and hence was sufficient to support an action for alimony, G.S. 50-16, even though other insufficient allegations also appeared in the complaint.

In the *Lawrence case* the defendant in his answer had charged the plaintiff with acts of adultery which she did not deny in her testimony. Failure to allege and to offer evidence that the acts charged against the defendant were without provocation on her part, was fatal to her cause.

In the *Pollard case* the complaint appears less explicit than the complaint in the instant case.   However, the decision in *Pollard v. Pollard* was based not on the insufficiency of the allegations but upon the failure of proof to support them.

This case is distinguishable from those relied upon by the defendant. When liberally construed, as it must be in passing on the demurrer, we think the complaint states a cause of action.   *Bailey v. Bailey,* 243 N.C. 412, 90 S.E. 2d 696.   In passing on both the sufficiency of the allegations and the proof, we must take into account the fact that failure on the part of the defendant to live up to his promises which were made as an inducement to the reconciliation, revived his former offenses.   *Brooks v. Brooks,* 226 N.C. 280, 37 S.E. 2d 909; *Jones v.*

*Jones,* 173 N.C. 279, 91 S.E. 960; *Page v. Page,* 167 N.C. 346, 83 S.E. 625; *Lassiter v. Lassiter,* 92 N.C. 130. Evidence of the plaintiff's neglect, dissatisfaction with his marriage, cold indifference to his wife and children, plans to leave them, the amount of time spent away from home, and especially the lipstick smears upon his clothes, when combined with his visit to the apartment of Miss H. at night were sufficient to go to the jury on the first issue. The evidence that defendant's acts were without provocation on the part of the plaintiff is somewhat less direct. The plaintiff testified that she had tried to be a wife to her husband and a mother to the children. She also testified that the defendant never at any time found fault with her or blamed or criticized her conduct in any particular. Added to the foregoing is the evidence of her good character. We conclude this evidence was sufficient to go to the jury on the second issue.

The demurrer *ore tenus* in this Court is overruled. The Assignment of Error No. 4, based on the court's refusal to nonsuit, is not sustained. The defendant's Assignment of Error No. 3 is not in form sufficient to enable us to consider it. Here it is: "The court erred in admitting the testimony as shown by the defendant's exceptions (each consecutively numbered 3 to 24, inclusive) R. pp. 12-15." Assuming the exceptions enumerated may be treated under one assignment (*Dobias v. White,* 240 N.C. 680, 83 S.E. 2d 785), the assignment is otherwise not in compliance with Rule 19(3), Rules of Practice in the Supreme Court, 221 N.C. 554, 555. *S. v. Mills, post,* 487; *Steelman v. Benfield,* 228 N.C. 651, 46 S.E. 2d 829. "Always the very error relied upon should be definitely and clearly presented, and the Court not compelled to go beyond the assignment itself to learn what the question is." The foregoing relates to assignments of error with respect to the admissibility of evidence.

When the assignment of error is to the court's ruling on nonsuit, it is enough to refer to the motion, the ruling thereon, the number of the exception, and the page of the record where found. This Court can pass on the efficacy of the motion only after reviewing *all* of the evidence. Attempt to summarize it in the assignment would be of no assistance. The place for such summary is in the brief.

The assignments of error to designated portions of the court's charge cannot be sustained. When read contextually the charge is in substantial compliance with the decisions of this Court. We realize this is a borderline case. To reach this decision to sustain the verdict has not been easy. However, to reach a contrary decision would be even more difficult.

To require the complaining party to allege and prove lack of provocation at first blush may seem illogical and out of place. Such would be the case if only the parties to the suit were involved. But the State and society and the children have an interest in the marriage status, and

in preserving the family when that can be done without undue hardship. To require the complaining party to show lack of provocation gives the Court a chance to see that the assistance of the law in breaking up the family is used for the benefit of the injured party only. For these reasons and others, nothing said here is intended to change or weaken what this Court has previously said in a long line of decisions, among them the following: *Ollis v. Ollis, supra; Best v. Best, supra; Brooks v. Brooks, supra; Pearce v. Pearce,* 225 N.C. 571, 35 S.E. 2d 636; *Howell v. Howell,* 223 N.C. 62, 25 S.E. 2d 169; *Carnes v. Carnes,* 204 N.C. 636, 169 S.E. 222; *Dowdy v. Dowdy,* 154 N.C. 556, 70 S.E. 917; *Martin v. Martin,* 130 N.C. 27, 40 S.E. 822; *O'Connor v. O'Connor,* 109 N.C. 139, 13 S.E. 887; *Jackson v. Jackson,* 105 N.C. 433, 11 S.E. 173; *White v. White,* 84 N.C. 340.

The judgment of the Superior Court of Buncombe County is Affirmed.

JOHNSON, J., not sitting.