Campbell v. Campbell

---

BALEY, Judge.

---

ETHEL SHORE CAMPBELL v. HARVEY DWIGHT CAMPBELL

No. 7322DC347

(Filed 11 July 1973)

1. Divorce and Alimony § 11— constructive abandonment — indignities to person — instructions on provocation

   In an action for alimony in which plaintiff contended that she left the home because of indignities offered to her person by defendant, the trial court erred in failing to instruct the jury that it was necessary for plaintiff to satisfy the jury that such acts by her husband were not the result of adequate provocation on her part.

2. Trial § 33— failure to apply law to evidence

   A charge which contains a general explanation of the law but fails to apply the law to the evidence is insufficient.

APPEAL by defendant from *Olive, District Court Judge,* 13 November 1972 Session of District Court held in DAVIE County.

On 3 August 1971, plaintiff started this action for alimony against her husband. In the statement of the case on appeal it is said that plaintiff brought her action "upon the theory of 'constructive abandonment' " by defendant causing plaintiff to leave the marital residence on 22 July 1971. Plaintiff bottomed her allegations of constructive abandonment on two separate charges: "(a) defendant wilfully failed and refused to provide adequate support and (b) offered such indignities to her person as to render her condition intolerable and life burdensome. . . ."

The parties were married in 1960. It was plaintiff's second marriage and defendant's first. Questions of custody and support of the two children born of the marriage have apparently been settled to the satisfaction of the parties and are not before this court on appeal.

Testimony by plaintiff and defendant was the only evidence introduced.

Plaintiff's testimony was to the effect that she left defendant because she could not tolerate his abuse, which she related in detail, and because he did not provide adequate support in that, particularly, she had to buy a substantial part of the groceries and other necessities from her own earnings.

Defendant denied abusing his wife and, in effect, testified that she had left him without just cause or excuse and that the separation was caused by his wife who, for several years, had abused, nagged and neglected him; that trouble began in 1964 when he discovered that his wife had secretly withdrawn all of the funds in their joint savings account ($11,000.00), finally returning half of it after much discussions; that as a result of the dispute over these funds his wife evicted him from their bedroom and they have since maintained separate bedrooms; that after a vacation trip, when his wife became aware that she was pregnant with their second child, she continuously harassed him about this condition and that he "caught devilment over this constantly;" that after plaintiff took the joint savings in 1964, the parties kept their money separate; that he paid for the house, bought two lots and provided for the needs of his family out of his earnings.

Campbell v. Campbell

The jury found plaintiff to be a dependent spouse of defendant and answered issues framed in the language of G.S. 50-16.2(4),(7) and (10) in favor of plaintiff. Judgment was entered awarding alimony.

*William E. Hall for plaintiff appellee.*

*Burke & Donaldson by George L. Burke, Jr., for defendant appellant.*

VAUGHN, Judge.

Defendant's assignments of error directed against the charge are well taken.

[1]   Plaintiff alleged and offered evidence tending to show that she left the home because of the indignities heaped upon her person by defendant. It was also necessary for her to satisfy the jury that such acts by her husband were not the result of adequate provocation on her part. The judge's failure to so instruct the jury constituted prejudicial error and requires a new trial. *Howell v. Howell,* 223 N.C. 62, 25 S.E. 2d 169; *Barker v. Barker,* 232 N.C. 495, 61 S.E. 2d 360. The relative fault of the parties must be weighed. *Dowdy v. Dowdy,* 154 N.C. 556, 70 S.E. 917.

[2]   We also hold that the judge failed to declare and explain the law arising on the evidence as required by G.S. 1A-1, Rule 51(a). A charge which contains a general explanation of the law but fails to apply the law to the evidence given in the case then being tried is insufficient. We specifically observe that the jury was not instructed as to the legal principles applicable to defendant's evidence, if they found it to be true.

New trial.

Judges BROCK and BALEY concur.